# Wytheville.

## F. C. NICHOLSON v. CLINCHFIELD COAL CORPORATION.

### June 12, 1930.

Absent, Prentis, C. J., and Epes, J.

The opinion states the case.

*W. B. Phipps* and *L. N. Sowards*, for the appellant.

*C. R. McCoy* and *A. K. Morison*, for the appellee.

GREGORY, J., delivered the opinion of the court.

The petitioner, F. C. Nicholson, was employed by

the Clinchfield Coal Corporation, and while engaged in his duties he was injured on August 31, 1928. At the time of his injury, he was receiving a weekly wage of approximately $23.00. Fifty per cent of his weekly wage, or $11.50, was paid him from the time of his injury until May 18, 1929. When he was injured his employer sent him to a hospital and there he remained until October 28, 1928, when he was discharged. Employer's physician made several X-ray pictures of the petitioner, the last having been made on May 21, 1929. The hearing of the case by Commissioner Nickels was fixed for June 18, 1929, at Clintwood, Virginia, and notice of the time and place of the hearing was given the petitioner at least ten days prior to the date fixed for the hearing, but he did not attend the hearing nor did he have any witnesses or other evidence before the Commissioner. The Commissioner, after hearing the evidence presented made his award on July 22, 1929, basing the award on his finding of fact that the petitioner had sustained a partial, permanent general disability of thirty-five per cent, which expressed in dollars and cents was computed to be $4.02 per week, beginning on May 18, 1929, and to continue for the remainder of three hundred weeks from the date of accident. Within the statutory period of seven days from the date of the award (section 60 of the act [Acts 1918, chapter 400]) made by Commissioner Nickels, petitioner made application for a rehearing before a full Commission, and a full Commission on September 5, 1929, heard the parties through their respective attorneys, reviewed the case and confirmed the findings of fact and conclusions of law of Commissioner Nickels, but refused to reopen the case or hear any testimony. The refusal of the Commission to reopen the case and hear the testimony of the witnesses

is the reason why the petitioner has applied to this court to reverse the Commission and grant him a new hearing. The Secretary of the Commission certified the findings of fact under section 61 of the act to this court (as amended by Acts 1928, chapter 227).

The petitioner assigns the following grounds on which he claims he is entitled to a new hearing:

First: That he was unable to be present at the hearing before Commissioner Nickels, in Clintwood, on June 18, 1929.

Second: That he has after-discovered evidence which he did not have and could not have had by the exercise of reasonable diligence at the first hearing.

Third: That the award is grossly inadequate.

Discussing the contentions of the petitioner in the order made, we find that there is in the record in support of his claim his affidavit in which he states that he received the notice of the Clintwood hearing at least ten days prior to the time fixed for the hearing; that five days after receiving the notice he wrote the claim adjuster of the employer stating that he could not, on account of sickness, attend the hearing; that two or three days later, or about June 16th, he went to Bristol, which was a distance of eighty-five miles, to interview a physician, thinking he could return to Clintwood in time for the hearing, but that he was delayed through no fault of his and did not actually see the physician in Bristol until June 18th, the day of the hearing, and for these reasons he was not present.

Under section 55 of the act, the Commission is given the power to make its own rules about continuances, and under this section it made the following rule: "Postponement of hearings will be granted only when it shall appear that, without the fault of the party asking for same, material and irreparable injury may

occur. Parties are therefore required to make every preparation possible and to appear at the time and place of hearing and proceed with the case."

██ Two days prior to the time of the hearing at Clintwood, according to petitioner's affidavit, he left his home and journeyed to Bristol (which is a distance of some eighty-five miles), where he remained on June 16th, 17th and 18th, for the purpose of a medical examination. He never appeared before the Commissioner and did not make any motion for a continuance, nor did he notify the Commissioner that he would be absent. He admits that he had notice of the hearing for ten days or more, yet it does not appear that he even attempted to prepare himself for the hearing. Under such circumstances he is in no position to ask that he be given a new hearing. It is perfectly obvious that petitioner could have, within the bounds of reason, been present at the hearing if he had made any reasonable efforts along that line. No valid or reasonable excuse is offered for his failure to be present. Absence of a party is not *per se* ground for a continuance, and especially is this true where the party made no motion for a continuance. The rule of the Industrial Commission is reasonable.

██ ██ What has been said about the first assignment may properly be applied in discussing the second assignment. The rule of the Commission, dealing with after-discovered evidence, is the same as that required by the courts of Virginia. The rule of this court is that the evidence must have been discovered since the trial; that it must be material and of such a character as on another trial ought to produce a different result on the merits. It must not be cumulative, corroborative or collateral, and it must be evidence that could not have been discovered before the trial by the exercise

of due diligence. ` Burks' Plea. & Practice, page 556; Barton's Law Practice, Vol. 2, page 734.

The affidavits and letters filed in the record in support of this assignment show, conclusively, that the petitioner has not met the requirements of the law touching after-discovered evidence. For more than ten days prior to the hearing he had actual knowledge of the time and place of the hearing. During that time he could have, in the exercise of due diligence, consulted physicians, employed counsel and prepared his case and presented himself and his witnesses before the commissioner. He ignored the hearing through his own carelessness. He has no right to a new hearing under this assignment.

The third assignment is that the award is grossly inadequate. The findings of the Commissioner and later the confirmation of those findings by the Commission as a whole are binding on this court in the absence of fraud, prejudice or bias of the Commissioners. In the cases of *Stonega Coke & Coal Co.* v. *J. T. Sutherland*, 136 Va. 489, 118 S. E. 133, and *American Furniture Co.* v. *Graves*, 141 Va., page 1, 126 S. E. 213, this court held that the findings of fact by the Commission bind this court, and under the law of those cases this assignment is unavailing.

The decision of the Commission is affirmed.

*Affirmed.*