KIRK PLASTERING COMPANY, et al.

v.

NEAL C. NETHERWOOD

No. 0933-87-2

Decided September 20, 1988

COUNSEL

Marianne Nelms (Lynn M. Tucker; James Pickrell; Sands, Anderson, Marks and Miller, on brief), for appellant.

John E. Lichtenstein (Bremner, Baber and Janus, on brief), for appellee.

OPINION ·

BAKER, J.—In this appeal from an award of compensation to Neal C. Netherwood (claimant), Kirk Plastering Company (employer) contends that the commission erred in finding (1) that Netherwood had reached maximum medical improvement, and (2) that he was entitled to permanent disability compensation.

Claimant was working as a sheetrock hanger for employer when, on May 6, 1985, a fragment of a nail struck him in his left eye. He was treated that day by Dr. Peter H. Goldman, an ophthalmologist, who diagnosed a hyphem, or hemorrhage involving the anterior third of the eye. An award was entered on May 14, 1985, providing for temporary total compensation for the injury, and was terminated May 28, 1985, when claimant returned to work. This appeal arises from the award of the commission made pursuant to claimant's application for change in condition alleging permanent disability pursuant to Code § 65.1-56(16).[1]

Claimant's visual acuity in the injured eye was determined by Dr. Goldman on the day of the accident to be 20/50. Dr. Goldman saw claimant several times following the accident when he complained of decreased vision and discomfort in the left eye. Dr. Goldman diagnosed anterior uveitis, an inflammatory condition involving the anterior third of the eye. On June 10, 1986, the last day he examined claimant, Dr. Goldman determined that the visual acuity of the left eye was 20/60.

Dr. Kelly A. Fogle examined claimant on September 8, 1986, and found his left eye visual acuity to be 20/70; however, in a subsequent examination on September 30, 1986, Dr. Fogle found improvement in claimant's vision to 20/50. On January 28, 1987,

---

[1] Code § 65.1-56(16) provides compensation for the permanent partial loss of the vision of an eye.

Dr. Evan J. Leslie examined claimant and recorded his vision in the left eye at 20/40.

■ Where an employee suffers an incapacity to a part of the body as described in Code § 65.1-56, the compensation provided by that section "is not awardable 'until the injury has reached a state of permanency, i.e. maximum medical improvement, when the degree of loss may be medically ascertained.'" *County of Spotsylvania v. Hart*, 218 Va. 565, 568, 238 S.E.2d 813, 815 (1977) (quoting *Collins v. G. M. Clements Co*, 48 O.I.C. 49, 49 (1966)). At the hearing, Dr. Goldman was the only physician to testify; however, reports from the other doctors who examined claimant are in the record. Dr. Goldman stated that he could not testify whether claimant's eye had reached a level of maximum medical improvement since, at the time of the hearing, he had not examined the eye for nearly a year. He did testify that after reading Dr. Fogle's reports he felt that the vision had reached a level where it was likely to stay, but stated that he was speculating about that. None of the medical reports in evidence indicated that claimant's eye had reached maximum medical improvement. In fact, the evidence in this record discloses visual acuity fluctuated from its low point of 20/70 on September 8, 1986, to 20/40 on January 28, 1987, a date less than two weeks prior to the date claimant's application was filed.

■ "Findings of fact made by the Commission are conclusive on appeal when supported by credible evidence." *Caskey v. Dan River Mills, Inc.*, 225 Va. 405, 411, 302 S.E.2d 507, 510 (1983). Although Dr. Goldman testified that he felt that claimant's vision had stabilized, he admitted that he was speculating, since he had not examined the injured eye in nearly a year. Furthermore, he explicitly stated that he could render no opinion on whether maximum medical improvement had been reached. The evidence presented to the commission fails to support the commission's finding that claimant's eye had reached maximum medical improvement; therefore we are not bound by the commission's finding. The dissent suggests that if the commission's award entered in this cause is to be reversed the matter should be remanded to the commission for a factual finding concerning the timeliness of the filing of the report of Dr. Leslie. We disagree that remand would be proper in this appeal. Three reasons have been offered why remand is an appropriate disposition of this cause.

First, it is asserted that the deputy has made a specific finding that Dr. Leslie's report was not in evidence. This assertion is inaccurate. The deputy's only reference to a missing report was as follows:

> (There was also evidence the claimant had seen another doctor, Dr. Evans. Dr. Evans' reports, if any, were not part of the record at the time of the hearing.)

There is no assertion by the deputy that Dr. Leslie's report was not in the record.

Second, it has been asserted that claimant states in his brief that the report is not part of the record. We have been unable to find that broad statement in his brief. At page 3 of his brief he states:

> There is no evidence of any examination by Dr. Leslie in the record *of the evidentiary hearing.* (emphasis added).

It appears that claimant would like this Court to read that statement to mean that Dr. Leslie's report was not "in the record" of this cause for consideration by the commission. Such is not a fact, as Dr. Leslie's report is in the record, marked with an indication that it was filed with the commission on March 10, 1987, almost three weeks prior to the hearing conducted by the deputy on March 30, 1987. In this review we can only conclude that Dr. Leslie's report was timely filed and in evidence in this cause.[2]

> In his brief, claimant argues as follows: Any evidence concerning Dr. Evans was not made part of the record of the evidentiary hearing. Deputy Commissioner Powell noted in his opinion, "There was also evidence the claimant had seen another doctor, Dr. Evans. Dr. Evans' reports, if any, were not part of the record at the time of the hearing." A.7-8. Further, the full Commission did not recognize any evidence concerning Dr. Leslie.

The two above references in claimant's brief constitute the sole basis for the assertion that Dr. Leslie's report is not part of the

---

[2] Industrial Commission Rule 1F.(3) provides that "Medical reports and records may be submitted in lieu of testimony by physicians or medical care providers."

record. Such assertion is totally without basis as the record forwarded to us for our consideration discloses that Dr. Leslie conducted a "Comprehensive Examination" of claimant on "1-28-87," found the relevant visual acuity to be 20/40, and that the report was timely received by the commission and made a part of the record on March 10, 1987.

Last, it is asserted that a reason for remand is that the commission's opinion does not address the report, and therefore, we should not conclude that it was at page 46 of the record as shown. To remand this cause for that reason would necessitate our finding that the commission did not review the evidence that was in the record presented for our review. We decline to presume that the commission failed to consider the evidence contained in its record, and would not opine that in its future opinions it would be required to list each relevant item contained therein.

Finding no credible evidence upon which to base the award of compensation made pursuant to Code § 65.1-56, the judgment appealed from is reversed.

*Reversed.*

Cole, J., concurred.

Benton, J., dissenting.

I would remand this appeal to the commission for a determination whether Dr. Evan Leslie's report of January 28, 1987, was timely filed and made a part of the record of this case and, if so, for reconsideration of the decision based upon the additional findings.

The deputy commissioner who conducted the evidentiary hearing in this case stated:

There was also evidence the claimant had seen another doctor, Dr. Evans. Dr. Evans' reports, if any were not part of the record at the time of the hearing.[3]

---

[3] There is no evidence in the record concerning a Dr. Evans. It appears that the deputy commissioner misstated the name of Dr. Evan Lislie, who is referred to in Dr. Kelly A. Fogle's report dated March 20, 1987.

It does not appear that the employer challenged the deputy commissioner's finding in its appeal to the full commission. In any event, the commission's opinion does not address the medical evidence contained in Dr. Evan Leslie's report, nor does it address the question whether the report was a part of the record.

However, without any discussion concerning the deputy commissioner's finding, the employer has argued the effect of Dr. Evan Leslie's report before this Court. On the other hand, the claimant asserts on brief that "[t]here is no evidence of any examination by a Dr. Leslie in the record of the evidentiary hearing."

In *Charcoal Hearth Restaurant v. Kandetzki*, 1 Va. App. 327, 338 S.E.2d 352 (1986), this Court, quoting Rule 3 of the Rules of the Industrial Commission, held that "[t]he Commission erred in considering the report filed after the hearing of the case without insisting upon compliance with its own rule." *Id.* at 329, 338 S.E.2d at 353. The commission has also consistently held that "[t]he time limit for filing additional evidence is . . . within the discretion of the hearing commissioner, and certain limitations must be applied if the work of the Commission is to be accomplished with the dispatch the parties have the right to expect." *Chabot v. Commonwealth of Virginia*, 60 O.I.C. 85, 87-88 (1981); *see also Montgomery v. Beck City Bakery, Inc.*, 45 O.I.C. 177 (1963).

With due respect to the majority's conclusion that Dr. Leslie's report was filed more than two weeks prior to the evidentiary hearing, I believe that the specific finding by the deputy commissioner that the report was not a part of the record and the absence of a discussion of the question by the commission dictate that we should remand this matter to the commission for consideration of the question whether Dr. Leslie's report was a part of the record before it and for reconsideration of its decision based upon its finding.