COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


ARLINGTON HOSPITAL FOUNDATION, INC.,
 ARLINGTON ELDER CARE D/B/A
 THE WASHINGTON HOUSE AND
 HEALTHCARE PROVIDERS GROUP
                                        MEMORANDUM OPINION[*]
v.    Record No. 2449-95-4                  PER CURIAM
                                         FEBRUARY 27, 1996
ESTELLE GEISEN


                            FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

            (John E. McIntosh, Jr.; Crews & Hancock, on
            briefs), for appellants.

            (Kenneth W. Smith; Haas & Dennis, on
            brief), for appellee.


     Arlington Hospital Foundation, Inc. and its insurer

(hereinafter collectively referred to as employer) appeal a

decision of the Workers' Compensation Commission denying its

application to terminate Estelle Geisen's (claimant) compensation

benefits.  Employer contends that the commission erred in

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

(1) relying upon a March 24, 1995 report of Dr. Norman Coleman, which claimant did not file with the commission until after the deputy commissioner rendered her opinion and which did not qualify as after-discovered evidence; and (2) finding that claimant was unable to return to her pre-injury work as of January 30, 1995. We conclude that the March 24 report should not have been considered and therefore reverse the commission's decision.[1]

## I.

On September 23, 1993, claimant sustained a compensable injury by accident to the right side of her face. On November 16, 1993, claimant came under the care of Dr. Coleman, an oral surgeon. On January 25, 1995, Dr. Coleman wrote to employer's insurance carrier, releasing claimant to return to work as of January 30, 1995. On February 1, 1995, based upon this report, employer filed a change in condition application requesting that the commission terminate claimant's compensation benefits as of January 30, 1995.

On February 27, 1995, the deputy commissioner wrote to the parties informing them that the case had been selected for an on-the-record determination. The deputy commissioner directed the parties to submit position statements by March 17 and to submit all evidence by March 27, after which she would close the

[1]We find no merit in claimant's argument that employer failed to preserve its right to appeal the commission's decision to consider Dr. Coleman's March 24, 1995 report.

2

record.  On March 16 claimant's counsel wrote to the deputy commissioner and requested a continuance on the grounds that Dr. Coleman, who had examined claimant again that day, would be out of town until March 20 and therefore could not prepare a report until after that date.  Employer objected to claimant's request for a continuance.  The deputy commissioner did not respond to claimant's request.

On March 24, 1995, Dr. Coleman rendered a report stating that he prematurely released claimant to return to work and that he was referring her for a neurological evaluation.  Claimant's counsel filed this report with the commission on April 14, 1995, seven days after the deputy commissioner rendered her opinion. The record does not reflect when claimant's counsel sent the report to the commission.

On April 7, 1995, the deputy commissioner rendered her decision, granting employer's application based upon Dr. Coleman's January 25 report.  On review, a majority of the commission considered Dr. Coleman's March 24 report and reversed the deputy commissioner's decision.  The commission found that "it would be unjust to deprive the claimant of compensation for a period during which the evidence is uncontradicted that she was disabled."  The commission also noted that had the deputy commissioner granted claimant's request for a continuance until she received Dr. Coleman's letter, the evidence clearly would have shown that claimant was unable to perform the duties of her

3

pre-injury job.

Commissioner Tarr dissented, finding that the commission improperly considered the March 24 report because it was not part of the deputy commissioner's record and it did not qualify as after-discovered evidence. He noted that claimant failed to provide any explanation for why the March 24 report, which was issued by Dr. Coleman before the record closed on March 27, 1995, was not filed with the commission before April 14, 1995. Commissioner Tarr found that the majority's opinion ignored the mandate of Rule 3:3 of the Rules of the Workers' Compensation Commission.

## II.

"[A] rule when adopted pursuant to rule-making authority has the same force as a statute." Graham v. Peoples Life Ins. Co., 7 Va. App. 61, 72, 372 S.E.2d 161, 168 (1988) (reh'g en banc). The General Assembly has authorized the commission to "make rules and regulations for carrying out the provisions of this title." Code § 65.2-201. "The adoption of such rules is a legislative act, and the enactment is binding and law upon the parties and the Commission as well." Graham, 7 Va. App. at 72, 372 S.E.2d at 168. Rule 3:3 provides as follows:

> No new evidence may be introduced by a party at the time of review except upon agreement of the parties. A petition to reopen or receive after-discovered evidence may be considered only upon request for review.
> A petition to reopen the record for additional evidence will be favorably acted upon by the full Commission only when it appears to the Commission that such course is absolutely necessary and advisable and

4

also when the party requesting the same is able to conform to the rules prevailing in the courts of this State for the introduction of after-discovered evidence.

In Charcoal Hearth Restaurant v. Kandetzki, 1 Va. App. 327, 328-29, 338 S.E.2d 352, 353 (1986), we held that in the absence of a formal petition requesting the reopening of the case and the taking of additional testimony, the commission's rules preclude it from considering on review additional evidence or medical reports that were not available to the deputy commissioner.  A claimant's discovery after the deputy commissioner's opinion that certain medical reports were omitted does not constitute a basis on which to reopen the record.  Failure to obtain medical records that were available and known does not constitute due diligence. Mize v. Rocky Mount Ready Mix, Inc., 11 Va. App. 601, 614, 401 S.E.2d 200, 207 (1991).

Here, claimant did not present Dr. Coleman's March 24 report to the deputy commissioner before the record closed on March 27.  Claimant also did not seek consideration of this report on review as after-discovered evidence.  Moreover, Dr. Coleman's March 24 report did not qualify as after-discovered evidence.  No evidence showed that claimant obtained the March 24 report after the record closed on March 27 or that the report could not have been obtained prior to the record closing through the exercise of reasonable diligence.  See Williams v. Peoples Life Ins. Co., 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995).

As claimant did not file a petition to reopen the record and

5

the commission did not qualify the report as after-discovered evidence, the commission violated Rule 3:3 by considering the March 24 report for the first time on review. This rule "assures an opposing party the opportunity to rebut additional testimony introduced after the hearing of a case. It also supports finality in the decision making process." Charcoal Hearth, 1 Va. App. at 329, 338 S.E.2d at 353. Considering a report filed after the record closed without insisting upon compliance with the commission's own rule is error. Id.

We recognize, as did the full commission, that the deputy commissioner did not respond to claimant's request for a continuance. However, the continuance was not necessary once Dr. Coleman rendered his report on March 24, three days before the record closed. Claimant offered no explanation as to why she could not have timely filed this report. Moreover, claimant did not explain why the report was not filed with the commission until April 14, 1995, one week after the deputy commissioner rendered her decision. Claimant had ample opportunity to file Dr. Coleman's March 24 report before the deputy commissioner rendered her opinion, but she failed to do so for unexplained reasons. The full commission, faced with the requirements of Rule 3:3, had no authority to consider the report.

Accordingly, we reverse the commission's decision.

Reversed.

Annunziata, J., dissenting.

I agree with the majority that the commission could not consider the March 24 report issued by Dr. Coleman in reaching its decision in this case. However, in the proper exercise of its discretion, the commission found the deputy commissioner should have granted claimant's request for a continuance for the purpose of receiving the report. Thus, I would remand the matter to the commission with instructions to remand the case to the deputy commissioner for consideration of Dr. Coleman's March 24 report.