COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Elder and Annunziata
Argued at Salem, Virginia


MILDRED F. GRAVELY

v.       Record Nos. 1784-95-3       MEMORANDUM OPINION[*] BY
              and 0992-95-3          JUDGE LARRY G. ELDER
                                           MAY 7, 1996
RAPPAHANNOCK GENERAL HOSPITAL


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

         Lawrence L. Moise, III (Vinyard and Moise,
         P.C., on briefs), for appellant.

         Linda M. Ziegler (Karen A. Gould; Crews &
         Hancock, P.L.C., on briefs), for appellee.


    In two separate yet inter-related appeals, Mildred Gravely

(claimant) appeals from the Workers' Compensation Commission's

(commission) denial of her claim for a change in condition and

refusal to reopen the record to allow after-discovered evidence.

 Claimant contends that the commission erred (1) in determining

that she did not establish a change in condition and (2) in

refusing to reopen the record to consider after-discovered

evidence.  Because the commission did not err in either case, we

affirm its decisions.

                                 I.

                               FACTS

    Claimant sustained a work-related injury by accident while

    [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

working for the Rappahannock General Hospital (employer) on January 27, 1992.  On December 28, 1992, claimant filed a claim for benefits alleging an injury by accident.  While claimant received temporary total and temporary partial benefits for certain periods of disability, the parties agreed that claimant was physically able to return to her pre-injury employment as of February 15, 1993.  Because claimant returned to full-duty work on February 15, 1993, yet requested disability benefits from that date forward, the deputy commissioner treated claimant's December 28, 1992 claim as one for a change in condition.  Based on various medical records from different treating physicians, the deputy commissioner found on October 15, 1993, that claimant failed to establish a causal connection between her present condition and the original accident and denied benefits for any period after February 15, 1993.

During claimant's appeal to the full commission, Dr. Adnan Silk performed an MRI on claimant.  The results, which were described in a February 22, 1994 report, revealed that claimant suffered from degenerative disc disease, scarring, and midline recurrent disc herniation at L5-S1.  A March 16, 1994 letter from Dr. Silk revealed that claimant continued to suffer from pain and showed scarring and bulging at L5-S1.  Claimant did <u>not</u> attempt to introduce these records to the full commission before it decided the appeal from the deputy commissioner.

On May 9, 1994, the commission affirmed the deputy

-2-

commissioner's opinion. After the commission's decision, claimant continued to receive medical documents from Dr. Silk. In a letter dated May 23, 1994, Dr. Silk stated that claimant had been disabled since her original workplace injury and continued to be disabled. An April 3, 1995 report from Dr. Silk stated that claimant's current problem "was probably related" to the original workplace injury.

On appeal, claimant asked the Court of Appeals to remand the case to the commission so that it could consider the after-discovered evidence obtained from Dr. Silk. On December 6, 1994, the Court of Appeals rejected claimant's request, affirmed the commission's decision, and held that claimant failed to prove causality. The Court also held that it could not consider additional medical evidence which had not been before the commission, as "claimant failed to make a motion on review to the full commission requesting that it consider after-discovered evidence."

On December 20, 1994, two weeks after this Court's opinion, claimant again filed a claim for benefits based on a change in condition. On February 2, 1995, claimant also filed a petition to reopen the record to allow after-discovered evidence. The application and the petition are the subject of these appeals. On April 7, 1995, the commission denied claimant's petition to reopen the record to submit the evidence, stating that, "[t]he evidence that the claimant wishes the Commission to consider as a

'mistake' is the same after-discovered evidence that the Court of Appeals had before it and determined was not part of the record of the case."  Claimant appeals this decision to this Court.

On April 12, 1995, an assistant claims examiner rejected claimant's claim for benefits alleging a change in condition, stating that the claim was barred by the commission's April 7, 1995 decision and that the commission was foreclosed from considering any evidence from Dr. Silk.  On July 18, 1995, the commission affirmed the assistant claims examiner's rejection of claimant's application.  Claimant also appeals this decision to this Court.

## II.

### AFTER-DISCOVERED EVIDENCE

Rule 1.6(D) of the Rules of the Workers' Compensation Commission states that, "[o]nly information contained in the file at the time of the original decision along with the review request and any response from the opposing party will be considered.  Additional evidence will not be accepted."

Rule 3.3 (former Rule 2(C)) provides an exception to Rule 1.6(D):

> No new evidence may be introduced by a party at the time of review [from the deputy commissioner's decision] except on agreement of the parties.  A petition to reopen or receive after-discovered evidence may be considered only upon request for review.
> A petition to reopen the record for additional evidence will be favorably acted upon by the full Commission only when it appears to the Commission that such course is

> absolutely necessary and advisable and also
> when the party requesting the same is able to
> conform to the rules prevailing in the courts
> of this State for the introduction of after-
> discovered evidence.

This Court reiterated the rules for reviewing petitions to reopen the record to receive after-discovered evidence in <u>Williams v. People's Life Ins. Co.</u>, 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995). <u>See</u> <u>Charcoal Hearth Restaurant v. Kandetzki</u>, 1 Va. App. 327, 328-29, 338 S.E.2d 352, 353 (1986).

In this case, claimant did not file a motion to consider the after-discovered evidence, namely, Dr. Silk's first two medical reports, before the full commission rendered its May 9, 1994 decision. As this Court held in its December 6, 1994 memorandum opinion, "[t]he February 22, 1994 MRI results were available to claimant pending review of the deputy commissioner's decision by the full commission." Because claimant failed to file the appropriate motion, "the full commission did not have the opportunity to consider this issue, [and] we will not consider it on appeal." The same reasoning guides our holding in this case. To allow claimant to frustrate Rule 3.3 would be to thwart the "finality of the decision making process." <u>Charcoal Hearth</u>, 1 Va. App. at 329, 338 S.E.2d at 353.

We recognize that two reports from Dr. Silk, dated May 23, 1994, and April 3, 1995, were obtained <u>after</u> the full commission's original decision on May 9, 1994. However, as this Court noted in its December 6, 1994 memorandum opinion, Dr.

Silk's medical opinions, as contained in these letters, were available before the full commission's decision. Failure to obtain medical records that were available does not constitute due diligence. Mize v. Rocky Mount Ready Mix, Inc., 11 Va. App. 601, 614, 401 S.E.2d 200, 207 (1991). Claimant cannot prove that she could not have obtained Dr. Silk's medical reports prior to the full commission's decision through the exercise of due diligence. Furthermore, this record does not disclose the occurrence of the type of mistake contemplated in Harris v. Diamond Constr. Co., 184 Va. 711, 36 S.E.2d 573 (1946).

We do not hold that the commission is forever barred from considering the evidence obtained from Dr. Silk if appropriate and consistent with the commission's rules in addressing future applications. However, for reasons described below, Dr. Silk's evidence could not be used to support claimant's December 20, 1994 change in condition application, now before us on appeal.

### III.

### CHANGE IN CONDITION

We also hold that the commission did not err in determining that claimant failed to establish a change in condition. Claimant attempted to introduce additional medical evidence from Dr. Silk to refute the opinions of her original treating physicians that her post-February 15, 1993 complaints were unrelated to her workplace injury. We are reminded, however, that "'[a] final judgment based on a determination by the

-6-

commission on the issue of causation conclusively resolves the claim as to that particular injury. Thereafter, after fraud or mistake, the doctrine of <u>res judicata</u> bars further litigation on that claim.'" <u>Mize</u>, 11 Va. App. at 604, 401 S.E.2d at 202 (quoting <u>AMP, Inc. v. Ruebush</u>, 10 Va. App. 270, 274, 391 S.E.2d 879, 881 (1990)). Here, claimant conceded that her condition did not change since this Court's December 6, 1994 decision.

Based on the foregoing, we affirm the commission's decisions.

<u>Affirmed.</u>

BENTON, J., dissenting.

In rejecting Mildred Gravely's application to re-open the record to consider the report of Dr. Silk, the commission ruled that this Court's decision in Gravely v. Rappahannock General Hospital, Record No. 0974-94-3 (Memorandum op., December 6, 1994), barred it from considering that evidence. It did not. This Court stated that the evidence would not be considered on appeal "since the full commission did not have the opportunity to consider this issue." That ruling did not preclude Gravely from asking the commission to consider the evidence and did not preclude the commission from determining whether under its rules the evidence could now be timely offered. The commission simply misread this Court's opinion. Therefore, I would reverse the commission's decision and remand for reconsideration.