COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Bray and Annunziata
Argued at Alexandria, Virginia


OLE J. MELKERSEN
                                            MEMORANDUM OPINION* BY
v.    Record No. 0236-02-4          JUDGE JERE M. H. WILLIS, JR.
                                               AUGUST 6, 2002
NEW MARKET METALCRAFT, INC. AND
 PENNSYLVANIA NATIONAL MUTUAL
 CASUALTY INSURANCE


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Ole J. Melkersen, pro se, on brief).
            Appellant submitting on brief.

            Jesse F. Narron (Taylor & Walker, P.C., on
            brief), for appellees.


     Ole Melkersen appeals a decision of the Workers'

Compensation Commission denying him benefits for an injury to

his back, sustained in the course of his employment.  Melkersen

contends that the commission erred (1) in finding that he was

the sole proprietor of New Market MetalCraft, Inc. ("employer"),

and (2) in holding that Code § 65.2-101 required him to give

direct notice of his injury to the employer's insurance carrier,

Pennsylvania National Mutual Casualty Insurance ("insurer").  We

affirm the decision of the commission.

--------------------------

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I. BACKGROUND

### A. THE INJURY

Melkersen was the president of New Market MetalCraft, Inc. and was engaged in the normal day to day activities of the business. On December 13, 1997, he attempted to mount the first step of a forklift in order to unload a shipment of steel. As he began to step up, he twisted his lower back and immediately felt a sharp pain. By December 18, 1997, the pain was worse.

Melkersen sought medical treatment from Dr. Thomas Peck, a chiropractor. Dr. Peck referred him to Dr. Glenn Deputy. Dr. Deputy ordered an MRI scan and determined that Melkersen had a herniated disk in his spinal column. Dr. Deputy referred Melkersen to a neurosurgeon, Dr. Ritchie Gillespie, who informed him in July 1999, that surgery might be required.

### B. PROCEDURAL HISTORY

On December 13, 1997, the same day of the accident, Melkersen informed his wife, Gail Melkersen, who was the employer's bookkeeper and vice-president, that he had injured his back. Her duties included taking and processing worker's compensation claims. She completed an employer's first report of accident form, but did not file it with the Workers' Compensation Commission ("commission") until July 14, 1999. On December 3, 1999, Melkersen filed with the commission an application for hearing, seeking compensation from the employer and its insurer.

At the hearing, Melkersen testified, in part, as follows:

> Q [Dep. Commissioner Culbreth]:  Were you
> the owner of New Market Metalcraft?
>
> A [Melkersen]:  Yes, yes.  Yeah, I was
> self-employed.  We had about eight
> employees.
>
> Q:  What was your job at New Market
> Metalcraft?
>
> A:  Manager.

On June 8, 2001, the deputy commissioner issued a written opinion denying Melkersen's claim.  He ruled that Melkersen had sustained a compensable injury by accident arising out of his employment, but had failed to give notice of his injury as required by Code § 65.2-101.  He did not specifically find that Melkersen was a partner or sole proprietor.  All parties sought review by the full commission.

Melkersen contended on review that he was not required to give notice of his injury directly to the insurer.  He tendered evidence that the employer is a corporation.  The commission rejected this evidence, citing Rule 3:3 of the Rules of the Virginia Workers' Compensation Commission.  Melkersen further contended that he had proven a reasonable excuse for any inadequate notice.

The employer and insurer contended on review that Melkersen had not sustained a compensable injury by accident arising out of his employment.

- 3 -

The full commission affirmed the deputy commissioner's ruling that Code § 65.2-101 required Melkersen to give notice of his injury directly to the insurer. "Based on the evidence in the record" it found that Melkersen was a sole proprietor and was required by Code § 65.2-101 "Employee" (1)(n) to give timely notice of his claim directly to the insurer. It held that he had failed to do so without reasonable excuse. It did not address whether Melkersen had sustained a compensable injury arising out of his employment.

## II.  ANALYSIS

On appeal, "[d]ecisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court." Manassas Ice & Fuel Co. v. Federated Mutual Ins. Co., 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991). "The fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding." Id. We view the evidence in the light most favorable to the party prevailing below. Creedle Sales Co. v. Edmonds, 24 Va. App. 24, 26, 480 S.E.2d 123, 124 (1997). However, "[t]his Court is not bound by the legal determinations made by the commission." Robinson v. Salvation Army, 20 Va. App. 570, 572, 459 S.E.2d 103, 104 (1995).

Code § 65.2-101 "Employee" (1)(n) defines, in pertinent part, the term "employee" to include:

> Any sole proprietor or all partners of a business electing to be included as an employee under the worker's compensation coverage of such business . . . .
>
> When any partner or proprietor is entitled to receive coverage under this title, such person shall be subject to all provisions of this title as if he were an employee; however, the notices required under §§ 65.2-405 and 65.2-600 of this title shall be given to the insurance carrier . . . .

The commission had before it no evidence that New Market MetalCraft, Inc. was anything but a sole proprietorship. It properly rejected Melkersen's evidentiary proffer at the review stage. See Rule 3:3 of the Rules of the Virginia Workers' Compensation Commission; Nicholson v. Coal Corporation, 154 Va. 401, 153 S.E. 805 (1930). It held that Melkersen had established no reason why he could not have tendered that evidence at the hearing before the deputy commissioner. The record supports this holding.

The commission held that in the absence of countervailing evidence, Melkersen's testimony that he was the owner of New Market MetalCraft and that he was self-employed proved that he was the sole proprietor of that business. The record supports this holding.

The record established that Melkersen's failure to give timely notice to the insurer was attributable only to dereliction. This supports the commission's finding that he failed to give that notice without reasonable excuse.

The judgment of the commission is affirmed.

Affirmed.
