COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, McClanahan and Petty
Argued at Salem, Virginia


WAL-MART ASSOCIATES, INC. AND INSURANCE
 COMPANY OF THE STATE OF PENNSYLVANIA
                                                   MEMORANDUM OPINION* BY
v.        Record No. 1312-06-3                  JUDGE ELIZABETH A. McCLANAHAN
                                                      FEBRUARY 13, 2007
JOHN M. JONES


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                Monica Taylor Monday (Gentry Locke Rakes & Moore, on brief),
                for appellants.

                No brief or argument for appellee.


        Wal-Mart Associates ("employer") appeals a decision of the Virginia Workers'

Compensation Commission concluding that employer is responsible for a pain clinic evaluation

for claimant John M. Jones.  Employer argues the commission erred in failing to vacate the

deputy commissioner's opinion on grounds of mootness and in refusing to consider the

representations and documents it presented to support its mootness argument.  For the reasons

that follow, we affirm the decision of the commission.

                        I.  FACTS AND PROCEDURAL BACKGROUND

        Claimant suffered a compensable hernia injury on March 5, 2002.  Claimant was awarded

temporary total disability benefits from March 5, 2002, until March 10, 2003, after which point

compensation terminated based upon claimant's unjustified refusal of medical treatment.  On

September 22, 2004, claimant filed a change-in-condition application seeking benefits from

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

March 10, 2003, a "doctor's panel for pain management," and mileage reimbursement. The change-in-condition application alleged that claimant had "lower abdomen [sic] pain on left side." Employer defended the claim on the grounds that there was no causal connection between claimant's condition and the compensable accident.

Deputy Commissioner Bruner, by opinion dated July 27, 2005, held claimant had cured his prior refusal of medical treatment by selecting Dr. Ryan as his treating physician from the panel offered by employer. However, the deputy commissioner found that claimant was not entitled to benefits beyond March 10, 2003, because there was no medical evidence showing a causal connection between his current condition and the compensable accident. The deputy commissioner also addressed claimant's request for a pain management referral, noting Dr. Katchinoff had recommended "the claimant be evaluated at a pain clinic by either Dr. Long or Dr. Barsanti." In finding employer should pay for this evaluation, the deputy commissioner stated:

> Under the circumstances, we find that the purposes of the Act are best served by authorizing the pain clinic evaluation recommended by Dr. Katchinoff in order for a diagnostic evaluation to be conducted which can then be reviewed by Dr. Katchinoff and Dr. Ryan to better determine the cause of the claimant's continuing pain. Because this evaluation will be to determine if there is such causal relationship, we find this evaluation to be a diagnostic procedure related to the compensable accident and therefore it is compensable medical treatment whether or not a causal relationship is found between the compensable accident and the claimant's continuing pain.

Employer filed a request for review of the deputy commissioner's findings regarding the pain management evaluation. The commission, by opinion dated January 31, 2006, affirmed the deputy commissioner's decision. Employer subsequently filed a motion to reconsider and/or vacate the commission's decision. In its motion, employer argued, in part, the commission's opinion is moot since "the Claimant has already obtained the pain clinic evaluation with

Dr. Long."[1]  Employer, for the first time, made representations and submitted documents in support of its mootness claim.  The employer produced medical records as attachments to its motion that appear to reflect that claimant had, in fact, been seen by Dr. Long, one of the pain management specialists recommended by Dr. Katchinoff,[2] on March 18, 2005, in connection with an accident that allegedly occurred while claimant was working for Red Lobster on November 7, 2004.  Employer represented that claimant was being treated for left-sided abdominal complaints, which were consistent with claimant's symptoms in the case against employer.  Employer further alleged that Liberty Mutual Insurance Company, the workers' compensation insurer for Red Lobster, had already paid for the pain clinic evaluation by Dr. Long.[3]

On March 2, 2006, the commission issued an order vacating the January 31, 2006 opinion, granting employer's motion to reconsider, and ordering the claimant to file a written response to employer's request.  Claimant filed no response.  The commission thereafter issued an opinion on April 25, 2006, affirming the deputy commissioner's opinion, holding that because the medical records attached to the motion were not "after-discovered evidence" under Rule 3.3 of the Rules of the Virginia Workers' Compensation Commission, it was inappropriate to consider them on review.  Employer appealed.

---

[1] We note the deputy commissioner's opinion and the commission's opinions award claimant a pain clinic evaluation for the specific purpose of determining if a causal relationship existed between the Wal-Mart workplace injury and the claimant's ongoing pain.  Employer's proffered evidence reflects that Dr. Long evaluated claimant in connection with a work injury at Red Lobster.

[2] Dr. Katchinoff recommended that claimant see Dr. Long or Dr. Barsanti.  Dr. Long and Dr. Barsanti are partners in the medical practice Commonwealth Pain Specialists.

[3] Employer also noted that Dr. Long provided follow-up treatment to the pain clinic evaluation and referred to the attachments to support its representation.

## II. ANALYSIS

"As a general rule, 'moot questions are not justiciable and courts do not rule on such questions to avoid issuing advisory opinions.'" In re Times-World Corp., 7 Va. App. 317, 323, 373 S.E.2d 474, 476 (1988) (quoting United States v. Peters, 754 F.2d 753, 757 (7th Cir. 1985)). "'A case is moot when the issues presented are no longer "live,"'" Powell v. McCormack, 395 U.S. 486, 496 (1969), because 'an actual controversy must be extant at all stages of review,' to escape the notion that a case is moot. Preiser v. Newkirk, 422 U.S. 395, 401 (1975)." Baldwin v. Commonwealth, 43 Va. App. 415, 421, 598 S.E.2d 754, 757 (2004).

At the time the commission reviewed the record and issued its opinion on the merits in the instant case, an actual case or controversy existed between the claimant and employer. See Code § 65.2-201(A) ("It shall be the duty of the Commission to administer this title and adjudicate issues and controversies relating thereto."). Thus, the commission decided a justiciable case based on the facts before it. Employer attempted to present evidence to support its mootness allegation after the commission issued its opinion. As the commission noted, "[t]hese records were not submitted to the Commission before the record closed in connection with the claimant's claim." The commission would, therefore, necessarily have to reopen the record for the presentation and consideration of after-discovered evidence. Employer's proffered evidence, never a part of the record before the commission, must therefore comply with the evidentiary rules of the commission in order to be considered and weighed as proof of the factual allegations upon which it bases its mootness argument.[4] See Charcoal Hearth Restaurant v.

---

[4] Employer argues that the allegations supporting its mootness claim constitute unilateral avowals that provided a sufficient basis for the commission to determine the mootness claim. Employer also asserts claimant's silence constitutes adoptive admission of its representations. Commission Rule 3.3 does not provide for the introduction of after-discovered evidence based on these grounds. In fact, an adoptive admission constitutes an exception to the hearsay rule, an issue not relevant to this case. Cf. Lynch v. Commonwealth, 272 Va. 204, 209, 630 S.E.2d 482, 484-85 (2006) (stating test for adoptive admission exception to the hearsay rule).

Kandetzki, 1 Va. App. 327, 329, 338 S.E.2d 352, 353 (1986) (stating one purpose of the after-discovered evidence rule is "finality in the decision making process"). Commission Rule 3.3[5] articulates the proper method for submitting after-discovered evidence and has been interpreted to require that the evidence 1) was obtained after the hearing; 2) was such as could not have been obtained before, by the exercise of reasonable diligence; 3) is not merely cumulative, corroborative, or collateral; and 4) is material, and if true, ought at another hearing produce a different result on the merits. Williams v. People's Life Ins. Co., 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995); see also Nicholson v. Clinchfield Coal Corp., 154 Va. 401, 405-06, 153 S.E. 805, 807 (1930) (commission's rule dealing with after-discovered evidence is the same as that required by the courts of Virginia). The commission found employer failed to comply with Rule 3.3[6] because it "failed to allege or establish that the pain specialist's records could not have been obtained prior to the hearing with the exercise of reasonable diligence." Without any evidence to support the allegations of mootness, employer cannot now collaterally

---

[5] Rule 3.3 provides:

> No new evidence may be introduced by a party at the time of review except upon agreement of the parties. A petition to reopen or receive after-discovered evidence may be considered only upon request for review.
>
> A petition to reopen the record for additional evidence will be favorably acted upon by the full Commission only when it appears to the Commission that such course is absolutely necessary and advisable and also when the party requesting the same is able to conform to the rules prevailing in the courts of this State for the introduction of after-discovered evidence.

[6] The commission, "having the right to make and enforce rules, should also have the opportunity to construe its own rules. Consequently, our review is limited to a determination whether the commission's interpretation of its own rule was reasonable." Classic Floors, Inc. v. Guy, 9 Va. App. 90, 93, 383 S.E.2d 761, 763 (1989) (citation omitted). "The commission's interpretation will be accorded great deference and will not be set aside unless arbitrary or capricious." Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 129 n.2, 510 S.E.2d 255, 260 n.2 (1999) (citations omitted).

attack the decision. Farant Investment Corp. v. Francis, 138 Va. 417, 429, 122 S.E. 141, 145 (1924) ("action cannot be collaterally attacked for error not appearing on the face of the proceedings"); Kiser v. W.M. Ritter Lumber Co., 179 Va. 128, 136, 18 S.E.2d 319, 322 (1942) (same). We, therefore, affirm the commission's decision.

Affirmed.