COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Powell and Senior Judge Coleman
Argued at Richmond, Virginia


VIRGINIA PROPERTY AND CASUALTY
  INSURANCE GUARANTY ASSOCIATION
                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 2105-08-2                       JUDGE SAM W. COLEMAN III
                                                            JULY 7, 2009
NANCY JOHNSON MILLER


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Joseph C. Tanski (Louis E. Dolan, Jr.; Benjamin T. Hickman; Nixon
            Peabody LLP, on briefs), for appellant.

            Wesley G. Marshall for appellee.


      The Virginia Property and Casualty Insurance Guaranty Association (Guaranty Fund)

appeals (1) a Virginia Workers' Compensation Commission (commission) opinion of August 5,

2008 assessing sanctions against the Guaranty Fund pursuant to a remand from a 2007 decision

from this Court,[1] and (2) the commission's order of August 21, 2008 denying the Guaranty

Fund's motion to vacate and reconsider the opinion of August 5, 2008.  Finding no reversible

error, we affirm the commission's decision.

                                    BACKGROUND

      Nancy Johnson Miller (claimant) suffered a compensable injury on March 24, 2002 while

working for Potomac Hospital Foundation.  On July 22, 2005, the commission affirmed the

deputy commissioner's award to claimant of medical benefits and temporary total disability

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Miller v. Potomac Hosp. Found., 50 Va. App. 674, 653 S.E.2d 592 (2007) (Miller I).

benefits. After the commission awarded her the benefits, the employer's workers' compensation insurance carrier became insolvent and the Guaranty Fund became a party to the proceedings. On March 7, 2006, claimant filed for additional medical benefits totaling $95,030 for treatment she received from Dr. Cindy Zhang over a four-year period. At the hearing on the matter, the Guaranty Fund presented evidence that claimant's private health insurance carrier had paid Dr. Zhang's bills and argued it therefore had no responsibility to make further payments to Dr. Zhang.

Claimant responded that the Guaranty Fund, being in the role of the employer's insurance carrier, had the statutory responsibility to pay the reasonable and necessary costs of claimant's medical expenses. Having failed to do so, claimant requested that the commission enter an order pursuant to Code § 65.2-713 assessing the entire cost of the proceeding against the Guaranty Fund based on its unreasonable defense of the claim and unreasonable delay in the payment of the medical benefits. On June 27, 2006, Deputy Commissioner Tabb issued an opinion finding that the commission did not have jurisdiction to order the Guaranty Fund to reimburse claimant's private health insurance company, but ordered the Guaranty Fund to attempt to make reimbursement to Dr. Zhang, and denied claimant's request for the assessment of attorney's fees. The Guaranty Fund did not appeal the deputy's ruling to attempt to pay Dr. Zhang the $95,030 for her medical services and that decision became final within twenty days. Rather than attempt to make payments to Dr. Zhang as ordered by Deputy Commissioner Tabb, the Guaranty Fund requested documentation from Dr. Zhang as to her charges for the medical services rendered in order to audit the bills to determine whether they were reasonable and necessary. In response, claimant filed a show cause order with the commission requesting sanctions pursuant to Code § 65.2-713 for Guaranty Fund's failure to attempt to pay the bills as ordered.

On September 13, 2006, Deputy Commissioner Mayo issued an order finding that the Guaranty Fund could not audit the medical bills because the June 27, 2006 opinion did not authorize it to do so, and the opinion and award were now final. Deputy Commissioner Mayo also ordered the Guaranty Fund to make a penalty payment pursuant to Code § 65.2-713 to claimant's counsel of $1,600 for the time he spent having the Guaranty Fund abide by the June 27, 2006 opinion. The Guaranty Fund filed a request for a review by the full commission of Deputy Commissioner Mayo's September 13, 2006 order.

On February 28, 2007, the commission found that the Guaranty Fund failed to comply with the June 27, 2006 opinion ordering it to attempt to pay for Dr. Zhang's treatment, but that the commission may not assess a penalty against the Guaranty Fund. The full commission also found that the Guaranty Fund was aware of the amount of Dr. Zhang's bills in prior proceedings and failed to avail itself of the opportunity to challenge whether Dr. Zhang's bills were unreasonable or inconsistent with the prevailing community rate. Thus, the commission ruled that the amount of the award was final and the Guaranty Fund could not further challenge the amount of Dr. Zhang's charges. The commission further ruled, however, that because the commission does "not have the authority to order a third party reimbursement" the Guaranty Fund is responsible to pay for the medical services for which "Dr. Zhang has not received payment."

Claimant appealed the commission's February 28, 2007 decision and latter ruling to this Court, arguing that the commission erred in ruling that the deputy commissioner lacked jurisdiction to order the Guaranty Fund to make payment to a medical provider to the extent the medical provider had been paid by a third-party insurer and in holding that penalties could not be assessed against the Guaranty Fund. Miller, 50 Va. App. at 678, 653 S.E.2d at 594. This Court ruled that "the deputy commissioner had before him a claim, filed by a claimant, against an

employer and its insurer, for payment of medical treatment for injuries sustained as a result of a compensable work accident. That issue is directly within the subject matter jurisdiction of the commission." Id. at 685, 653 S.E.2d at 597. This Court also held in Miller I that "the commission erred in finding that the deputy commissioner did not have jurisdiction to order the Guaranty Fund to pay Dr. Zhang's bill for claimant's medical treatment." Id. Miller I further held that the "commission erred in determining 'that attorney's fees for unreasonable defense could not be assessed against' the Guaranty Fund." Id. at 689, 653 S.E.2d at 599. Accordingly, the Miller I decision remanded "the case for a determination of whether the deputy commissioner properly assessed attorney's fees and costs against the Guaranty Fund under Code § 65.2-713." Id. at 690, 653 S.E.2d at 600. On May 27, 2008, the Supreme Court of Virginia refused the Guaranty Fund's petition for appeal.

On August 5, 2008, upon remand, the commission affirmed Deputy Commissioner Mayo's September 13, 2006 decision assessing the $1,600 sanction against the Guaranty Fund. The Guaranty Fund filed a motion to vacate and reconsider the August 5, 2008 opinion. On August 21, 2008, the commission denied the motion to vacate and reconsider. This appeal followed.

ANALYSIS

The Guaranty Fund contends (1) the commission improperly exercised subject matter jurisdiction or its authority to exercise subject matter jurisdiction where the claimant's private insurance carrier paid Dr. Zhang's bills and the claimant had no claim at stake, (2) the commission erred when it concluded the Guaranty Fund was subject to penalties as a matter of law, (3) the commission erred when it failed to conduct further proceedings on remand on the issue of whether a penalty against the Guaranty Fund was warranted under the circumstances of

- 4 -

the case, and (4) the commission erred when it found that the penalty against the Guaranty Fund was warranted under the circumstances of the case.

The Guaranty Fund contends the commission lacked jurisdiction to hear the case and improperly exercised its jurisdiction on remand because claimant has no claim at stake because Dr. Zhang's records established, as early as May 10, 2006, that a zero balance was due on claimant's account and claimant is not liable for the $95,030. The Guaranty Fund also contends the commission erred in concluding it was subject to penalties because it is not an "employer" or "insurer" within the meaning of Code § 65.2-713.

As to these two contentions by the Guaranty Fund, those issues were previously decided by this Court's panel decision in Miller I, holding (1) "the commission erred in ruling that the deputy commissioner lacked the jurisdiction to order the Guaranty Fund to attempt to pay Dr. Zhang," and in ruling (2) "the Guaranty Fund, like any other insurer, is subject to the penalty provision set forth in the Act." Id. at 691, 653 S.E.2d at 600. Accordingly, because another panel of this Court has already decided those issues, which the Guaranty Fund attempts to raise in this appeal, those prior holdings are the "law of the case." See American Filtrona Co. v. Hanford, 16 Va. App. 159, 164, 428 S.E.2d 511, 514 (1993) (finding that where there have been two appeals in the same case, between the same parties, and the facts are the same, nothing decided on the first appeal can be re-examined on a second appeal). Moreover, panel decisions of the Court of Appeals are subject to the rule of *stare decisis* and each panel is bound by the decisions of other panels until corrected through the *en banc* hearing process. Commonwealth v. Burns, 240 Va. 171, 174, 395 S.E.2d 456, 457 (1990).

In Miller I the panel of this Court held that "the commission erred in finding that the deputy commissioner did not have the jurisdiction to order the Guaranty Fund to pay Dr. Zhang's bill for claimant's medical treatment" and the Court further upheld the deputy commissioner's

award of medical benefits for Dr. Zhang's services, which award had not been appealed and was final. Miller, 50 Va. App. at 685, 653 S.E.2d at 597. The Court also held sanctions could be assessed against the Guaranty Fund under Code § 65.2-713. Id. at 689, 653 S.E.2d at 599. Guaranty Fund never requested a hearing *en banc* of these issues and the Supreme Court of Virginia refused its petition for review. Therefore, because we are bound by the prior decision of this Court in Miller I which held the commission had jurisdiction to order the Guaranty Fund to pay Dr. Zhang's bill for claimant's medical treatment and the Guaranty Fund is subject to being assessed penalties pursuant to Code § 65.2-713, we do not consider those issues further.

The Guaranty Fund also argues the commission erred in finding that a penalty was warranted under the circumstances of the case and the commission erred in failing to conduct further proceedings on remand to determine whether a penalty was warranted.[2]

> Code § 65.2-713 provides that the commission may assess against an employer or insurer, who has brought or defended proceedings or, alternatively, delayed payment under an existing award without reasonable grounds, the whole cost of the proceedings, including a reasonable attorney's fee. The decision to assess fees or costs rests in the sound discretion of the commission and will be reversed only for an abuse of that discretion.

Virginia Polytechnic Inst. v. Posada, 47 Va. App. 150, 159, 622 S.E.2d 762, 767 (2005).

---

[2] The Guaranty Fund contends there is a good-faith question as to whether Dr. Zhang actually demanded payment from it and it attempted to tender to the commission the balance allegedly due to Dr. Zhang. On August 25, 2004, Dr. Zhang's bills were filed with the commission and sent to the Guaranty Fund, and on November 6, 2006, Dr. Zhang wrote a letter to the Guaranty Fund confirming, pursuant to the Guaranty Fund's request, the outstanding balance owed to her. Thus, these contentions have no merit. The Guaranty Fund also contends that a hearing before the full commission was needed because it is a non-profit entity and Deputy Commissioner Mayo failed to consider the specific obligation to protect the public's financial interest in determining whether to award the penalty. This contention is without merit as the penalty was assessed due to the Guaranty Fund's failure to comply with the commission's opinion of June 27, 2006 and there is no exception for a non-profit entity to disregard an order by the commission.

On September 7, 2006, claimant wrote a letter to Deputy Commissioner Mayo as a follow-up to an August 31, 2006 telephone conference with claimant and the Guaranty Fund. The letter stated claimant had not received confirmation that the Guaranty Fund had paid Dr. Zhang's bills as ordered in the June 27, 2006 opinion. The letter stated that Deputy Commissioner Mayo had ruled on August 31, 2006 that the Guaranty Fund had waived any defense to the reasonableness and necessity of Dr. Zhang's charges by failing to address that issue at the hearing and admonished the Guaranty Fund that if it only re-stated that it was auditing Dr. Zhang's bills, the commissioner would hold the Guaranty Fund in contempt. Claimant's letter then outlined the Guaranty Fund's actions to delay payment to Dr. Zhang. On September 7, 2006, the Guaranty Fund also wrote a letter to Deputy Commissioner Mayo stating the reasons why it had not paid Dr. Zhang.

On September 13, 2006, Deputy Commissioner Mayo issued an opinion letter finding that the Guaranty Fund's position of proceeding with a medical audit of Dr. Zhang's bills was not permitted in the June 27, 2006 opinion. The opinion letter stated that, in an August 22, 2006 letter to the Guaranty Fund, Deputy Commissioner Mayo asked the Guaranty Fund to explain why it should not be held in contempt for its failure to comply with the June 27, 2006 opinion and to respond to claimant's request for sanctions pursuant to Code § 65.2-713. Deputy Commissioner Mayo found that the Guaranty Fund's explanation was inadequate to justify its failure to comply with the June 27, 2006 opinion. Deputy Commissioner Mayo also accepted claimant's representation that 12.8 hours were spent attempting to resolve the issue and sanctioned the Guaranty Fund in the amount of $1,600, payable to claimant's counsel.

The records show that Deputy Commissioner Mayo thoroughly reviewed the Guaranty Fund's actions in 2006, determined that the Guaranty Fund's actions were unreasonable after the commission's June 27, 2006 opinion, and determined that the amount of time expended by

claimant's attorney in attempting to enforce the commission's June 27, 2006 opinion was an appropriate sanction. Upon remand by our opinion in Miller I in 2007, nothing had changed concerning the Guaranty Fund's actions in 2006, thus, the commission did not abuse its discretion in failing to conduct further proceedings on remand regarding the Guaranty Fund's actions in 2006 and in finding that the $1,600 sanction was warranted under the circumstances of the case.

Whether the commission had jurisdiction to order the Guaranty Fund to pay Dr. Zhang after claimant's private insurance paid the bill was decided by this Court's prior decision in Miller I. Whether sanctions could be assessed against the Guaranty Fund was also decided by this Court's prior decision in Miller I. The commission did not abuse its discretion in failing to conduct a further hearing on the amount of sanctions and in imposing the $1,600 sanction against the Guaranty Fund. Accordingly, the commission's August 5, 2008 opinion assessing sanctions against the Guaranty Fund and its denial of the Guaranty Fund's motion to vacate and reconsider the August 5, 2008 opinion is affirmed.

## ATTORNEY'S FEES AND COSTS ON APPEAL

Claimant requests an award of attorney's fees and costs pursuant to Code § 65.2-713(A), which grants us the authority to assess against employer the costs of these proceedings including "a reasonable attorney's fee," if we determine these "proceedings have been brought, prosecuted, or defended without reasonable grounds." See, e.g., Lowes of Short Pump Virginia v. Campbell, 38 Va. App. 55, 62, 561 S.E.2d 757, 760 (2002) (awarding fees against employer for appealing "without reasonable grounds").

Miller I held that the commission had jurisdiction to order the Guaranty Fund to pay Dr. Zhang and that the Guaranty Fund was subject to the penalties of Code § 65.2-713. Miller I also found that the Guaranty Fund had "waived their right to review and reduce Dr. Zhang's

medical bills in accordance with Code § 65.2-605 by failing to raise" certain defenses in its appeal of Deputy Commissioner Tabb's June 27, 2006 opinion. <u>Miller</u>, 50 Va. App. at 682, 653 S.E.2d at 596. Because a significant portion of the Guaranty Fund's appeal concerned matters previously litigated in <u>Miller I</u>, we hold that this appeal concerning those issues was without reasonable grounds. Accordingly, we conclude that claimant is entitled to the costs of appeal, including a reasonable attorney's fee, and remand to the commission pursuant to Code § 65.2-713(A) for a determination of those fees and costs.

<u>Affirmed and remanded.</u>