COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Clements and Senior Judge Coleman
Argued at Richmond, Virginia


LOWES OF SHORT PUMP VIRGINIA AND
 LOWES HOME CENTERS, INC.
                                          OPINION BY
v.    Record No. 2427-01-2       JUDGE JAMES W. BENTON, JR.
                                         APRIL 9, 2002
JAMES D. CAMPBELL


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            George J. Dancigers (Antony K. Jones; Heilig,
            McKenry, Fraim & Lollar, P.C., on briefs),
            for appellants.

            Kevin M. McGowan (Marks & Harrison, P.C., on
            brief), for appellee.


     The Workers' Compensation Commission ruled (1) that Lowes

of Short Pump Virginia failed to give timely notice of its

intent to rely upon a defense under Code § 65.2-306, (2) that

James D. Campbell was entitled to an award for a compensable

injury by accident, and (3) that Lowes sought review of the

deputy commissioner's decision without reasonable grounds.

Lowes presents six questions for review, seeking a reversal of

the commission's award.  For the reasons that follow, we affirm

the award and remand the case to the commission for an

assessment of additional costs for this proceeding pursuant to

Code § 65.2-713.

I.

The record establishes that Campbell filed a claim for benefits, which alleged an injury by accident to his back. At the evidentiary hearing, the deputy commissioner recited the procedural history of the case and the following stipulations:

> [Campbell] seeks an award of medical benefits, along with temporary total disability benefits from July 11, 2000 through March 2, 2001. The parties have stipulated to a pre-injury average weekly wage of $644.71. [Lowes] agrees, subject to its defense of willful misconduct, that [Campbell] otherwise suffered a compensable accident and injury as alleged arising out of and in the course of his employment, and was totally disabled for the period alleged . . . . [Lowes] also acknowledges that it did not file a notice pursuant to Rule 1.10 for a willful misconduct defense. [Lowes] asserts that it put that defense in its answers to interrogatories . . . mailed to [Campbell] on April 13, of this year. A copy was not mailed to the Commission as I understand it. [Lowes] defends this claim on the grounds of willful misconduct under [Code §] 65.2-306, subsections 1, 4, and 5, in that [Campbell] violated a known safety standard. [Campbell] objects to my consideration of any 306 defense on the grounds that proper notice was not given in accordance with our rules. I have ruled . . . [Lowes] did not file the notice of the 306 defense. . . . [T]hose interrogatories, even if they would be sufficient, which I find they would not be since they were not filed with the Commission, were only mailed --- Today is April 18. --- they were mailed April 13. So certainly that does not meet the 15 day requirement of Rule 1.10. I've ruled that I will not hear evidence on the willful misconduct defense. Therefore, every issue has been resolved by a stipulation. I'm going to allow [Lowes'

-

attorney] to proffer her evidence of willful misconduct.

In addition, the deputy commissioner noted that Lowes had voluntarily paid Campbell some short-term disability benefits and was entitled to a credit for those payments.

Lowes' attorney and Campbell's attorney agreed that the deputy commissioner properly stated the stipulations and defenses. Lowes' attorney then made a verbal proffer of the facts Lowes would prove in support of its claim that Campbell performed his work task in "violation of a known safety standard." She concluded the proffer with the assertion that "Campbell received all the necessary training so that he knew that this was a safety standard which is enforced by the store, we would proffer . . . that's what the evidence would show on the defense of willful misconduct."

The deputy commissioner found that Lowes failed to file a notice of its willful misconduct defense as required by the commission's Rule 1.10; that Lowes' answer to an interrogatory failed to meet the notice requirement of Rule 1.10; that Lowes' answer to interrogatories was mailed to Campbell four days before the hearing and was not filed with the commission; and that Lowes failed to file with the commission a notice of its defense as required by Rule 1.10. Upon these findings and the stipulations of the parties, the deputy commissioner entered an award of benefits for Campbell.

-

Lowes requested a review of that decision by the commission.  In support of its request, Lowes noted that it "had intended to defend the claim on the basis of [Campbell's] willful misconduct pursuant to . . . Code § 65.2-306" and contended that Campbell had actual notice of Lowes' defense "well before the hearing and was not prejudiced by the technical defect in notice."  Applying its Rule 1.10, the commission ruled that Lowes had failed to give notice of its intent to rely upon a defense under Code § 65.2-306.  In its opinion, the commission cited its prior decisions that the notice requirement of Rule 1.10 is not satisfied by discovery responses, that failure to give notice is grounds for rejection of the defense, and that the rule does not pose an unreasonable burden on the employer.  The commission also found that, in any event, the alleged notice was untimely.  The commission affirmed the award and, upon its finding that Lowes had no reasonable grounds for its review petition, awarded costs against Lowes pursuant to Code § 65.2-713.

II.

The commission's authority to make rules for carrying out the provisions of the Act is statutory and long standing.  Code § 62.5-201(A); <u>Nicholson v. Clinchfield Coal Corp.</u>, 154 Va. 401, 405, 153 S.E. 805, 807 (1930).  The commission's decision in this case turns on its application of Commission Rule 1.10, which provides as follows:

-

> 1.10 Willful Misconduct. – If the employer intends to rely upon a defense under [Code] § 65.2-306 of the Act, it shall give to the employee and file with the Commission no less than 15 days prior to the hearing, a notice of its intent to make such defense together with a statement of the particular act relied upon as showing willful misconduct.

The rule explicitly requires an employer to give notice to the employee and to the commission when the employer relies upon the provisions of Code § 65.2-306 as a defense. In pertinent part, that statute provides as follows:

> A. No compensation shall be awarded to the employee or his dependents for an injury or death caused by:
>
> 1. The employee's willful misconduct or intentional self-inflicted injury;
>
> 2. The employee's attempt to injure another;
>
> 3. The employee's intoxication;
>
> 4. The employee's willful failure or refusal to use a safety appliance or perform a duty required by statute;
>
> 5. The employee's willful breach of any reasonable rule or regulation adopted by the employer and brought, prior to the accident, to the knowledge of the employee; or
>
> 6. The employee's use of a nonprescribed controlled substance identified as such in Chapter 34 (§ 54.1-3400 et seq.) of Title 54.1.
>
> B. The person or entity asserting any of the defenses in this section shall have the burden of proof with respect thereto. . . .

Code § 65.2-306.

-

Lowes acknowledges that its attorney at the evidentiary hearing stipulated, subject to Lowes' defense of willful violation of a safety standard, that Campbell suffered an injury by accident that arose out of and in the course of his employment. The dispositive issue decided by the deputy commissioner was whether Lowes had given proper notice of its defense. Although the record contained Lowes' proffer of evidence to preserve a defense of "willful misconduct pursuant to . . . Code § 65.2-306," the commission affirmed the deputy commissioner's ruling that Lowes failed to give proper notice.

On appeal from the commission's ruling that Rule 1.10 barred Lowes' defense, Lowes presents the following issues for our review:

> I. Was there sufficient evidence in this case to demonstrate that the Employee's injury did not arise out of the scope of his employment at the time of the alleged accident herein and therefore he is not entitled to worker's compensation benefits?
>
> II. Was there sufficient evidence to demonstrate that the Employee was engaged in "horseplay" at the time of the alleged accident and thus not entitled to worker's compensation benefits as a result of the alleged accident herein because his injury did not therefore arise out of the scope of his employment?
>
> III. In light of Rules 2.2 and 3 of the Rules of the Commission, and in view of the Commission's inherent equity power, should the Commission have exercised its discretion to determine that the Employee's injury did not arise out of the scope of his employment and/or that he was engaged in "horseplay" at

-

the time of the alleged accident herein, thus deeming the accident herein not an injury by accident arising out of his employment?

IV.  Does the Court of Appeals have the authority to examine the record in this case and determine that, in fact, the Employee's injury did not arise out of the scope of his employment and/or that he was engaged in "horseplay" at the time of the alleged accident herein, thus deeming the accident herein not an injury by accident arising out of his employment and if so, whether that discretion ought to now be exercised to so find?

V.  Was the Employer properly precluded from proceeding with the misconduct defense?

VI.  Was the Employer's Review Petition brought without reasonable grounds?

Lowes failed to raise issues I, II, and III before the commission.  Thus, our review of those issues is barred by Rule 5A:18.  See also Overhead Door Co. of Norfolk v. Lewis, 29 Va. App. 52, 62, 509 S.E.2d 535, 539 (1999).

Furthermore, this record provides no meritorious "ends of justice" or "good cause" basis for us to review issues I, II, and III, as Lowes requests in its issue IV.  At the evidentiary hearing, Lowes specifically stipulated, subject to its "willful misconduct" defense pursuant to Code § 65.2-306, that Campbell's injury arose out of the scope of his employment.  In addition, Lowes' proffer of evidence at the evidentiary hearing did not contain an allegation of "horseplay."  The claim now made on appeal, that this case should be considered as raising an issue

-

of "horseplay," implicates the employee's burden of proving an injury by accident that arises out of employment, see Dublin Garment Co. v. Jones, 2 Va. App. 165, 168, 342 S.E.2d 638, 639 (1986), and is, therefore, contrary to Lowes' express stipulation at the evidentiary hearing.

Lowes presents no meritorious challenge to the meaning or applicability of Rule 1:10 to this case. Its defense at the evidentiary hearing was asserted under Code § 65.2-306. We hold that credible evidence in the record supports the commission's findings that Lowes sought to rely upon a defense cognizable under Code § 65.2-306 and that Lowes failed to timely file with the commission notice of its intent to rely upon that defense. The record contains no evidence that the commission abused its discretion in the application of its Rule 1.10. See Specialty Auto Body v. Cook, 14 Va. App. 327, 330, 416 S.E.2d 233, 235 (1992) (holding that when the commission makes rules not inconsistent with the Act, our review is limited to determining whether the commission applied its rule reasonably).

In view of the parties' stipulations, the commission's decision concerning the untimeliness of the notice was dispositive of the claim for benefits. Accordingly, we affirm the commission's award. In addition, we hold that this appeal was brought without reasonable grounds to support it, and we

-

remand the case to the commission to assess costs and attorney fees against Lowes.

<u>Affirmed and remanded</u>.
