COURT OF APPEALS OF VIRGINIA

**PUBLISHED**

Present:  Judges Elder, Petty and McCullough
Argued at Richmond, Virginia


PHILIP MORRIS USA, INC.

OPINION BY
v.      Record No. 2224-12-2          JUDGE LARRY G. ELDER
JULY 23, 2013

WILBUR N. MEASE


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Michael N. Salveson (Natalie Cantor Gros; Littler Mendelson,
P.C., on briefs), for appellant.

Malcolm Parks (Maloney, Parks & Clarke, P.C., on brief), for
appellee.

Philip Morris USA, Inc. (employer) appeals an award of the Workers' Compensation

Commission (commission) that required employer to pay for medical treatment to Wilbur N.

Mease (claimant) relating to his traumatic brain injury.  Employer contends the prior commission

award approving the parties' agreement to pay benefits covered only "head trauma" and, thus,

any claim regarding a traumatic brain injury is barred by the statute of limitations.  Employer

further argues the commission erred in imposing sanctions against employer for defending the

instant claim without reasonable grounds.  We hold credible evidence supports the commission's

findings that (1) the scope of the original award included claimant's traumatic brain injury,

thereby obligating employer to pay for the attendant medical treatment; and (2) employer

defended claimant's claim without reasonable grounds, thereby justifying the imposition of

attorney's fees against employer.  Accordingly, we affirm the commission's decision.

I.

BACKGROUND

On appeal from the commission, "we review the evidence in the light most favorable to the prevailing party." R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). So viewed, the evidence establishes that on January 29, 2004, claimant fell at work and sustained a compensable injury. The parties endorsed an agreement to pay benefits form[1] that provided temporary total wage compensation and identified claimant's injury as "head trauma." The commission issued a June 28, 2004 order that approved the agreement to pay benefits and awarded claimant lifetime medical benefits "for reasonable, necessary and authorized medical treatment causally related to the 1/29/2004 injury." Claimant saw numerous doctors following his accident and received payment from employer and its insurance carrier for treatment relating to his compensable injuries until 2011.

On March 10, 2011, claimant informed his treating physician, Dr. Patrick McGowan, that he had to decrease the number of physical therapy sessions from six per week to three per week. Henry Mease, claimant's brother and authorized attorney in fact, testified that the carrier's claims representative informed claimant in a telephone call that his physical therapy would be reduced because six sessions per week were too expensive. On May 20, 2011, claimant filed a claim requesting that employer provide physical therapy six times per week rather than three times weekly. Claimant attached two doctor's notes that recommended increased physical therapy and opined that claimant's health problems were related to his traumatic brain injury. Dr. McGowan indicated that the reduction in physical therapy sessions left claimant "weaker and not as functional," and Dr. James Wilson confirmed that the reduction in physical therapy had

_____

[1] The parties endorsed the original agreement to pay benefits on March 19, 2004. The parties endorsed a new agreement to pay benefits on May 27, 2004, which corrected claimant's average weekly wage. For purposes of this opinion, we refer to the corrected agreement.

led to "increased problems with balance and activity tolerance" that had resulted in two ground level falls in the previous two weeks. Employer defended on the grounds that the treatment sought was not causally related to the compensable injury, was not reasonable or necessary, and was excessive and costly.

The deputy commissioner held that in "the absence of any conflicting advice from another physician, either by record review or personal evaluation," "the medical evidence clearly indicates the connection between the need for six days of physical therapy and [claimant's] compensable injuries." The deputy commissioner therefore awarded claimant temporary total disability compensation benefits and ordered that claimant be allowed to resume the six days of physical therapy per week as prescribed by his treating physicians. Regarding claimant's request for attorney's fees, the deputy commissioner noted that employer "obtained no medical information on [its] own" and "failed to introduce any evidence to substantiate [its] defense." The deputy commissioner therefore held the "lack of effort in presenting any defense, in the face of two uncontradicted referrals from treating physicians, dictates the finding[] that the claim had been defended without reasonable grounds[,]" and ordered employer to pay attorney's fees to claimant pursuant to Code § 65.2-713(A).

On review to the commission, employer argued for the first time that claimant's claim for medical treatment relating to his brain injury was barred by the statute of limitations. The commission held that under its authority to interpret its own award orders, the agreement to pay benefits did not provide "a reasonably definite medical diagnosis" when it referred only to "head trauma." The commission therefore looked to extrinsic evidence to give meaning to the intent of the parties. Specifically, the commission noted that employer "was well aware of the claimant's brain injury at the time it prepared the agreement," and accepted responsibility for the cost of treating the brain injury. Thus, the commission held employer's course of conduct demonstrated

that the original award encompassed claimant's brain injury. The unanimous commission also affirmed the award of attorney's fees. The commission rejected employer's assertion that it presented a valid statute of limitations defense because it did not assert that defense to the deputy commissioner. Further, of the three defenses employer did present, the commission noted that employer offered no evidence to support its assertions that the requested treatment was unreasonable, unnecessary, and excessive. This appeal followed.

II.

ANALYSIS

On appeal, "we review questions of law *de novo*." Rusty's Welding Serv. v. Gibson, 29 Va. App. 119, 127, 510 S.E.2d 255, 259 (1999) (en banc). However, we defer to the commission in its role as fact finder. VFP, Inc. v. Shepherd, 39 Va. App. 289, 292, 572 S.E.2d 510, 511-12 (2002). If supported by credible evidence, the commission's factual findings are "binding on appeal," Tomes v. James City Fire, 39 Va. App. 424, 430, 573 S.E.2d 312, 315 (2002), "even though there is evidence in the record to support a contrary finding," Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

When "determining whether credible evidence exists," we cannot "retry the facts, reweigh the preponderance of the evidence, or make [our] own determination of the credibility of the witnesses." Wagner Enters. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). In addition, the commission's "conclusions upon conflicting inferences, legitimately drawn from proven facts, are equally binding on appeal." Watkins v. Halco Eng'g, Inc., 225 Va. 97, 101, 300 S.E.2d 761, 763 (1983).

- 4 -

A.

AWARD OF MEDICAL TREATMENT

The present dispute concerns claimant's May 20, 2011 request for increased physical therapy sessions causally related to his traumatic brain injury. Employer concedes that claimant suffered a traumatic brain injury and head trauma as a result of his January 29, 2004 industrial accident. However, employer argues the statute of limitations bars an award for medical benefits for the traumatic brain injury because such an injury did not fall within the scope of the original timely-filed agreement to pay benefits.[2] Employer asserts that the original agreement to pay benefits covered only a "head injury" and that claimant failed to file a claim to add coverage of a traumatic brain injury to the scope of the award. Employer concludes that the May 20, 2011 request for increased therapy sessions was therefore untimely.

An employee must assert against his employer "any claim that he might have for any injury growing out of the accident" within the two-year statute of limitations period found in Code § 65.2-601. Shawley v. Shea-Ball Constr. Co., 216 Va. 442, 446, 219 S.E.2d 849, 853 (1975). "[T]his provision is jurisdictional, and failure to file within the prescribed time will bar a claim." Mayberry v. Alcoa Bldg. Prods., 18 Va. App. 18, 20, 441 S.E.2d 349, 350 (1994). The question of "[w]hether a claim is barred by the statute of limitations is a question of law[,]" which "[t]his Court 'reviews . . . de novo.'" Tuck v. Goodyear Tire & Rubber Co., 47 Va. App. 276, 284, 623 S.E.2d 433, 437 (2005) (quoting Tomes, 39 Va. App. at 429-30, 573 S.E.2d at 315). However, "[w]hether the information filed with the commission is sufficient to constitute a

---

[2] The record does not contain claimant's initial claim for benefits due to the loss of several files during the proceedings before the commission. However, the parties agree that the agreement to pay benefits, which was filed within the two-year time limitation of Code § 65.2-601, operates as a valid claim for benefits. See Fairfax Cnty. Sch. Bd. v. Humphrey, 41 Va. App. 147, 157, 583 S.E.2d 65, 69 (2003) (holding that a filing meets the basic requirements of the Act for a claim for benefits where the underlying information conforms to Commission Rule 1.1(A)).

timely filed claim for a particular injury is a question of fact[ that] . . . will not be disturbed on appeal if supported by credible evidence." Corporate Res. Mgmt. v. Southers, 51 Va. App. 118, 127, 655 S.E.2d 34, 38 (2008) (en banc).

The issue in this case is whether the June 28, 2004 award order approving the agreement to pay benefits "for reasonable, necessary and authorized medical treatment relating to the 1/29/2004 injury" required employer to pay for medical treatment relating to claimant's traumatic brain injury. "[W]hen construing a lower court's order, a reviewing court should give deference to the interpretation adopted by the lower court." Gibson, 29 Va. App. at 129, 510 S.E.2d at 260. Evidence relevant to interpreting the scope of the award includes whether the claimant "file[d] a formal claim listing [the disputed] injuries . . . prior to expiration of the statute of limitations" and whether the medical records contained "any mention of injury to those body parts . . . prior to expiration of the statute of limitations." Southers, 51 Va. App. at 129, 655 S.E.2d at 39. In addition, "we look not only to the express words of the agreement, but to extrinsic evidence and to employer's actual knowledge regarding the type of injury." Tyco Elecs. v. VanPelt, __ Va. App. __, __, __ S.E.2d __, __ (June 18, 2013); see Boxley v. Onorato, 218 Va. 931, 936, 243 S.E.2d 201, 204 (1978) (affirming the commission's order that expanded the parties' original agreement where the supplemental agreement, while not expressly mentioning additional injuries, incorporated by reference a physician's note that described injuries to the claimant's neck and back). We hold credible evidence supports the commission's findings.

First, the undisputed medical evidence establishes employer had timely notice that claimant suffered a traumatic brain injury during his January 29, 2004 industrial accident. The accident report indicates claimant was discovered lying on the floor having vomited multiple times and with blood draining from his left ear. Claimant was immediately admitted to the

hospital where he was diagnosed as having a "left subdural hematoma with minimal midline shift, as well as a left temporal parietal subarachnoid hemorrhage and left temporal contusions." On March 24, 2004, claimant, who was still hospitalized, informed employer that because of his injuries, he had authorized his siblings to make medical decisions on his behalf. The medical note accompanying this notice explicitly stated claimant "sustained a *TBI (traumatic brain injury)* on 1/29/04" and was "undergoing inpatient rehabilitation for functionary and cognitive deficits resulting from this injury." (Emphasis added). Employer was therefore clearly on notice of the scope of claimant's injuries when it endorsed the May 27, 2004 agreement to pay benefits that provided wage compensation and medical benefits for claimant's "head trauma." Moreover, the voluminous record contains hundreds of pages of medical reports that consistently indicate claimant "had a traumatic brain injury in approximately January 2004, as a result of a fall." Thus, ample evidence supports the commission's finding that employer had sufficient notice that claimant's head trauma included traumatic brain injury.

Further, employer's conduct since claimant's accident supports the commission's finding that the agreement to pay benefits extended to claimant's traumatic brain injury. Beginning April 19, 2004, claimant enrolled in a rehabilitation program to improve his cognitive, memory, and balance dysfunction. On November 20, 2007, claimant requested "a case manager to assist him in connection with medical care that is necessary secondary to [his] traumatic brain injury." A letter from Dr. David McLeod, claimant's attending physician, dated October 26, 2007, supported the application. In addition, on October 4, 2010, claimant filed a hearing request to compel employer to pay for a sleep test for "insomnia and possible sleep apnea in connection with [claimant's] traumatic brain injury." Claimant enclosed a September 7, 2010 letter from Dr. Alan R. Towne, another of claimant's attending physicians, who opined that claimant's sleep problems were causally related to his January 29, 2004 traumatic brain injury. The claim form

listed the nature of claimant's injury as "MULTIPLE INJURIES, INCLUDING HEAD AND BRAIN INJURY." The record discloses that employer paid for all of these procedures and did not object to claimant's characterization of his compensable injury. In fact, employer's insurance carrier filed a response to the October 4, 2010 request indicating that "[a]lthough not specific, the carrier agrees to the sleep study as recommended by Dr. Towne since he has related the condition to the January 29, 2004 work related injury."

Not only did employer pay for these medical treatments, it did not object when given the opportunity to do so. The medical provider filed numerous applications seeking payment from employer for medical care linking claimant's sleep apnea to his traumatic brain injury. The commission, in ruling for the medical provider, noted that because employer paid a portion of the disputed charges and failed to raise any other defenses, the only issue before the commission was whether the medical treatment provided was reasonable. In other words, employer was provided multiple opportunities in the subsequent seven years in which it could have objected to paying for medical treatment associated with claimant's traumatic brain injury. Its failure to do so constitutes compelling extrinsic evidence that the agreement to pay benefits was intended to cover all medical treatments associated with claimant's traumatic brain injury.[3]

Contrary to employer's argument, the term "head trauma," as used in the accident report and agreement to pay benefits is ambiguous. "Trauma" refers to any "wound, esp[ecially] one caused by sudden physical injury." Webster's II New College Dictionary 1201 (3d ed. 2008). In the abstract, this definition does not provide any clarity as to the extent of claimant's injuries— i.e., whether the wounds were superficial lacerations or something more serious. Indeed, employer does not suggest what other kinds of head injuries claimant could have suffered.

---

[3] Although "the voluntary payment of medical bills by a carrier d[oes] not operate as a matter of law to toll the two-year limitation," Clark v. United Airlines, 223 Va. 197, 200, 288 S.E.2d 441, 442 (1982), that rationale does not apply in the present case where the claimant has timely filed a claim and the only issue is the scope of the injuries included in the claim.

Claimant was found vomiting and bleeding from his ear. To suggest that cognitive dysfunction or internal hemorrhaging could emanate from some head injury separate from severe brain trauma defies common sense.

Employer relies on Johnson v. Paul Johnson Plastering, 37 Va. App. 716, 561 S.E.2d 40 (2002), rev'd on other grounds, 265 Va. 237, 576 S.E.2d 447 (2003), to argue claimant's "filing for 'head' injury was not a sufficient filing for injury to the brain" and that "the terms 'head' and 'brain' are not synonymous." Id. at 719, 723, 561 S.E.2d at 42, 44. Although we held in Johnson that "[u]se of the single word 'head,' generally is not sufficient filing of a claim for [an] injury to the brain," we explicitly applied that rationale "where the only evidence to suggest this type of injury [wa]s a *minor laceration*." Id. at 725, 561 S.E.2d at 45 (emphasis added). In fact, we unequivocally qualified that "[w]e d[id] not intend to establish a bright line rule for other cases. In the appropriate context, a listing of 'head injury' may be sufficient to provide notice." Id. at 725 n.6, 561 S.E.2d at 45 n.6. The claimant in Johnson suffered a broken wrist and a laceration to his eyebrow. The claimant did not receive medical treatment for his head laceration, and the agreement to pay benefits mentioned only an injury to the claimant's arm. We held that under those facts, nothing in the record provided notice to the employer that an injury to the brain might be included in the claim because none of the documents—the initial claim letter, the medical reports, the agreement to pay benefits, or the settlement letter—indicated a possible brain injury. Id. at 726, 561 S.E.2d at 45.

In stark contrast, the evidence in this case provides sufficient notice that claimant suffered injuries related to the brain. Claimant was found vomiting and bleeding from his left ear. The claimant in Johnson suffered a minor head laceration. Claimant received immediate medical treatment for symptoms related to a traumatic brain injury. The claimant in Johnson received no immediate medical care for his head laceration. Claimant displayed cognitive

- 9 -

deficits and memory dysfunction immediately after his accident. The claimant in Johnson did not display cognitive defects that could possibly have been related to his accident until five years had passed. In sum, the facts in Johnson are wholly inapposite to the facts in this case.

The record here contains ample evidence that employer had notice that claimant suffered a traumatic brain injury and paid for medical procedures to treat that injury without objection. In light of this information, employer cannot plausibly claim that the May 20, 2011 request for the resumption of six physical therapy sessions per week "seriously handicap[ped] [it] in determining whether or not there was in fact an injury, the nature and extent thereof, and if related to the accident." Shawley, 216 Va. at 446, 219 S.E.2d at 853. The evidence supports the commission's finding that the agreement to pay benefits included claimant's traumatic brain injury, and employer is required to pay for six physical therapy sessions per week.

B.

SANCTIONS

Employer next argues the commission erred in awarding claimant attorney's fees against employer. Employer contends that when it defended against claimant's May 20, 2011 request for increased physical therapy sessions, it did so on the basis that such treatment was not causally related to the compensable injury—to wit, the "head trauma." Employer maintains that this was a reasonable defense that was well-supported by case law. We disagree.

Code § 65.2-713(A) grants the commission the authority to assess against employer "the whole cost of these proceedings" "including a reasonable attorney's fee" if it finds that the "proceedings have been brought, prosecuted, or defended without reasonable grounds." "[W]hether the employer defended a proceeding without reasonable grounds is to be judged from the perspective of the employer, not the employee." Lynchburg Foundry Co. v. Goad, 15 Va. App. 710, 716, 427 S.E.2d 215, 219 (1993).

> If an employer refuses to pay a claim, reasonably believing that it is not compensable, and in the course of its investigation the grounds for refusal are not so contradicted as to be shown unfounded, then the subsequent defense is reasonable, even if it is later proven misplaced or in error.

Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 201, 336 S.E.2d 903, 907 (1985). "The decision to assess fees or costs rests in the sound discretion of the commission and will be reversed only for an abuse of that discretion." Va. Polytechnic Inst. v. Posada, 47 Va. App. 150, 159, 622 S.E.2d 762, 767 (2005).

The evidence in this case supports the commission's award of attorney's fees against employer. After consistently paying for medical treatment for claimant's traumatic brain injury for seven years, employer unilaterally reduced the number of physical therapy sessions related to the same brain injury for which it was willing to pay. Employer offered no medical evidence to support its contentions that the requested treatment was not causally related to claimant's compensable injury or was unreasonable; claimant, by contrast, submitted two doctor's notes that indicated the reduction in physical therapy exacerbated claimant's difficulties with his motor skills and balance and recommended the resumption of six physical therapy sessions per week. See Hedge, 1 Va. App. at 201, 336 S.E.2d at 907 (receiving "conflicting expert medical opinions as to the cause of [a work-related injury]" may create reasonable "doubt [as to] the compensability of the claim"). Notably, employer asserts on brief that it originally defended the claim on "coverage grounds," which it claims is a "winning defense." Yet, employer abandoned that defense on appeal.[4] Employer's failure to offer conflicting medical evidence or evidence that the physical therapy sessions were excessive in light of two uncontradicted referrals from

---

[4] Employer initially defended against claimant's claim before the deputy commissioner on the grounds that the treatment sought was not causally related to the compensable injury, was not reasonable or necessary, and was excessive and costly. On review by the commission, employer argued for the first time that claimant's claim for medical treatment relating to his brain injury was barred by the statute of limitations.

treating physicians supports the commission's award of attorney's fees against employer under Code § 65.2-713(A).

## C.

## ATTORNEY'S FEES ON APPEAL

Claimant requests an award of attorney's fees and costs incurred in the course of this appeal. Code § 65.2-713(A) grants this Court the authority to assess against employer the costs of these proceedings including "a reasonable attorney's fee," if we determine these "proceedings have been brought, prosecuted, or defended without reasonable grounds." See, e.g., Lowes of Short Pump Va. v. Campbell, 38 Va. App. 55, 62, 561 S.E.2d 757, 760 (2002) (awarding the claimant attorney's fees and costs against the employer where three of the employer's assignments of error were barred under Rule 5A:18 and the remaining three assignments of error conflicted with stipulations it made before the commission).

Here, as before the commission, employer has not defended claimant's claim on reasonable grounds. Employer has presented to this Court neither compelling case law nor relevant evidence that supports its defense of claimant's claim. We therefore "hold that this appeal was brought without reasonable grounds to support it, and we remand the case to the commission to assess costs and attorney fees against [employer]." Id.

## III.

Credible evidence in the record supports the commission's finding that the agreement to pay benefits covered claimant's traumatic brain injury. We therefore affirm the commission's decision ordering employer to pay for increased physical therapy sessions. Second, credible evidence supports the commission's decision to award claimant attorney's fees against employer. Because employer has not presented any reasonable ground for defense on appeal, we remand

the matter to the commission to assess against employer reasonable attorney's fees and costs for this appeal.

Affirmed and remanded.