UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Judges O'Brien, Russell and Retired Judge Bumgardner*
Argued at Norfolk, Virginia


LAWRENCE CAMPBELL

v.       Record No. 0055-18-1

NEWPORT NEWS SHIPBUILDING AND DRY DOCK CO.
  AND HUNTINGTON INGALLS INDUSTRIES, INC.

MEMORANDUM OPINION** BY
JUDGE WESLEY G. RUSSELL, JR.
JULY 17, 2018


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

>    (Lawrence Campbell, on brief), *pro se*.  Appellant submitting on
>    brief.
>
>    Bradley D. Reeser (Jonathan H. Walker; Mason, Mason, Walker &
>    Hedrick, P.C., on brief), for appellees.


Lawrence Campbell appeals the December 7, 2017 decision of the Virginia Workers'

Compensation Commission finding that his claims for benefits related to a left wrist injury were

barred by the applicable statute of limitations.  For the reasons that follow, we affirm the decision of

the Commission.

## BACKGROUND

Campbell was employed as a mechanic by Newport News Shipbuilding and Dry Dock Co.

("employer") in 1972.  He claims that, on or about May 1, 1972, he suffered a compensable injury

by accident to his left wrist while working for employer.  Campbell filed no claim for benefits at the

time of his injury.  He ceased working for employer in June 1972.

---

\* Judge Bumgardner participated in the hearing and decision of this case in his capacity
as a senior judge of this Court prior to July 1, 2018 and thereafter by designation pursuant to
Code § 17.1-400(D).

\*\* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Beginning in July 2016 and continuing through February 2017, Campbell filed four applications seeking benefits related to the 1972 wrist injury. The applications sought both medical and disability benefits related to the left wrist injury.

Employer denied the claim and asserted multiple defenses to the claims in the proceedings below. Most notably, employer argued that, even assuming Campbell suffered a compensable injury by accident in May 1972, the relevant statute of limitations ran long before he filed his first claim for benefits in 2016.

A hearing was held before a deputy commissioner on July 14, 2017.[1] The deputy commissioner determined that the statute of limitations in effect at the time of the alleged injury in 1972, then Code § 65.1-87, applied to Campbell's claims. In pertinent part, then Code § 65.1-87 provided that "the right to compensation under this Act shall be forever barred, unless a claim be filed with the . . . Commission within one year after the accident . . . ."

Given that the first application for benefits was filed more than forty-four years after the alleged injury by accident, Campbell argued that the statute of limitations had been tolled for the entirety of the forty-four years. The deputy commissioner noted that, at the time of the injury, the "General Assembly had not yet included in the Act a tolling provision that extended the Act's statute of limitations if a claimant established that an employer had committed certain acts that prejudiced a claimant . . . ."[2] The deputy commissioner found that the later enacted tolling provisions did not save Campbell's claims and that, in any event, that Campbell, "in his testimony

---

[1] The matter initially was heard on January 3, 2017, and the deputy commissioner denied the claim as time-barred in an opinion issued on January 19, 2017. Upon request for full Commission review, that opinion was vacated due to the lack of a transcript, and the matter was rescheduled to be heard on the record before the deputy commissioner on July 14, 2017.

[2] Code § 65.2-202 provides for tolling of the statute of limitations if certain specified acts or omissions of an employer "operate[] to prejudice the rights of [an] employee with respect to the filing of a claim prior to expiration of a statute of limitations . . . ." Its predecessor version, Code § 65.1-87.1, was first enacted in 1984 as Chapter 608 of the Acts of Assembly.

and in his responses to [employer's] requests for admissions[,]" had "conceded the absence of the[] elements" necessary to trigger either equitable or statutory tolling if a tolling statute did apply. Accordingly, the deputy commissioner found that Campbell's claims for benefits were "barred by the statute of limitations . . . ."

Campbell appealed the deputy commissioner's decision to the full Commission. In its review opinion, the Commission, after a brief discussion of the underlying circumstances, "summarily adopt[ed], and incorporate[d] by reference, the determinations made" by the deputy commissioner.

Campbell then appealed to this Court.

ANALYSIS[3]

The essence of Campbell's arguments on appeal is that the Commission erred in concluding that his claim was barred by the statute of limitations. Whether a claim is barred by the statute of limitations is a question of law that we review *de novo*. Philip Morris USA, Inc. v. Mease, 62 Va. App. 190, 198, 745 S.E.2d 155, 159 (2013).

At the outset, we note that the one-year statute of limitations found in the version of Code 65.1-87 that was in effect at the relevant time is applicable to Campbell's claims. This is so because the "the right to interpose the defense of the statute of limitations [is] a substantive

---

[3] Employer requests that we summarily affirm the Commission's decision because of Campbell's failure to file an appendix that complies with the requirements of Rule 5A:25. "As an appellate court, we seek 'the best and narrowest ground available' for our decision." French v. Va. Marine Res. Comm'n, 64 Va. App. 226, 235-36, 767 S.E.2d 245, 250 (2015) (quoting Morris v. City of Va. Beach, 58 Va. App. 173, 180, 707 S.E.2d 479, 482 (2011)). Given our judgment that it is far more likely that, in the future, we will be called upon to address the ramifications of an allegedly defective appendix than an argument involving a workers' compensation claim that was filed more than four decades after the accident, we conclude that the statute of limitations issue is the best and narrowest ground for our decision. See Abdo v. Commonwealth, 64 Va. App. 468, 473 n.1, 769 S.E.2d 677, 679 n.1 (2015) (recognizing that there are circumstances in which a merits argument is a better and narrower ground for decision than a potential procedural default). Accordingly, we do not address the alleged deficiency of the appendix filed by Campbell.

property right, constitutionally protected from infringement by retroactive legislation[,]" Kopalchick v. Catholic Diocese of Richmond, 274 Va. 332, 336, 645 S.E.2d 439, 441 (2007), and thus, once the claim became barred, no subsequent legislative change could remove the bar.

Here, Campbell alleges that he suffered a compensable injury by accident to his left wrist on or about May 1, 1972. There is no dispute that he did not file an application for benefits related to the alleged left wrist injury until July 2016, more than forty-four years after the alleged accident. Accordingly, unless tolled for some reason, the statute of limitations ran on May 1, 1973, barring any claims Campbell may have had regarding the injury to his left wrist.

As he did in the proceedings below, Campbell argues that the statute of limitations was tolled, and therefore, his claims were timely filed. We disagree.

Campbell's arguments regarding statutory tolling are unavailing. Although a tolling provision regarding the statute of limitations for workers' compensation claims has existed in some form in the Code of Virginia since the adoption of Code § 65.1-87.1 in 1984, there was no such statutory tolling provision when the bar of the statute of limitation attached to Campbell's claim in 1973. As noted above, once the bar attached, the General Assembly was powerless to remove the bar by "retroactive legislation." Kopalchick, 274 Va. at 336, 645 S.E.2d at 441. Given that Campbell's injury by accident unquestionably occurred in 1972, no statute enacted after May 1, 1973 can revive Campbell's claim, and the Commission did not err in so concluding.[4]

---

[4] Additionally, by adopting the deputy commissioner's conclusions, the Commission also found that Campbell, "in his testimony and in his responses to [employer's] requests for admissions[,]" had "conceded the absence of the[] elements" necessary to trigger either equitable or statutory tolling if a tolling statute did apply. Our review of the record reveals that it supports the Commission's conclusions regarding these underlying factual questions. Accordingly, we cannot disturb those factual findings on appeal. Ga. Pac. Corp. v. Dancy, 17 Va. App. 128, 135, 435 S.E.2d 898, 902 (1993).

- 4 -

CONCLUSION

For the reasons stated above, Campbell's claims related to his claimed left wrist injury are barred by the applicable statute of limitations. Accordingly, the judgment of the Commission is affirmed.

<u>Affirmed.</u>