COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges Beales and Lorish
Argued at Richmond, Virginia


EDELBLUTE'S SERVICE CENTER, ET AL.

MEMORANDUM OPINION[*] BY
v.        Record No. 1430-23-2          JUDGE LISA M. LORISH
                                        AUGUST 13, 2024
JOHN EDELBLUTE


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Brian J. McNamara (Ford Richardson P.C., on briefs), for
appellants.

Brody H. Reid (ReidGoodwin, PLC, on brief), for appellee.


In 2022, the Workers' Compensation Commission held that Edelblute's Service Center

was responsible for reimbursing its former employee, John Edelblute, for the cost of the mileage

he traveled to obtain medical treatment with his authorized treating physician.  Even though

Edelblute traveled a great distance to see this provider, the Commission rejected the Service

Center's argument that he should secure treatment with a closer physician because the particular

circumstances of Edelblute's injury and success with the existing provider made his mileage

reasonable.  Several months later, upon Edelblute's claim for benefits for a subsequent period,

the Service Center again refused to pay for the full amount of mileage, proposing instead that he

take up treatment with a panel of providers closer to where he resided.  The Commission ruled

that it had already decided this issue in an unappealed final order, and that res judicata barred

reconsideration of the same, and awarded Edelblute attorney fees.  The Service Center argues on

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

appeal that res judicata should not have applied to bar its challenge to paying full mileage costs. We disagree and affirm the decision of the Commission.

BACKGROUND

Edelblute injured his back while changing tires at the Service Center in 1977. The Commission awarded him lifetime medical benefits. Since 1989, Edelblute has continuously received chiropractic treatment from Dr. Eric Bryant, located in Chesapeake. In 2013, Edelblute moved from Chesapeake to Chesterfield. He continued to receive treatment from Dr. Bryant, who was located 78 miles away (156 miles round trip).

In 2013, Edelblute sent a request to the Commission seeking reimbursement for his medical bills and mileage for treatment he received from Dr. Bryant between 2011 and 2013. The Commission ordered the Service Center to reimburse Edelblute for, among other things, his mileage.

In 2018, Edelblute's authorized treating physician recommended that he continue his course of treatment with Dr. Bryant. As such, Edelblute filed a claim for benefits and requested "authorization of Dr. Eric Bryant as a treating physician at the referral of Dr. Donald Holzer." The Service Center accepted Dr. Bryant as an authorized treating physician.

In 2021, Edelblute filed another claim for benefits, again requesting medical bill and mileage reimbursement for treatment he received from Dr. Bryant between 2013 and 2020. At a hearing on the request, the Service Center opposed Edelblute's claim, arguing that his travel expenses were "not reasonable, necessary, or related to the claimant's work accident." The Service Center argued the following:

> Given the amount of alternative chiropractic providers in the greater Richmond area, much closer in distance to the claimant's home, it is patently unreasonable that the defendants should be held responsible for the claimant's transportation expenses.

- 2 -

A panel of providers within a reasonable distance of the claimant's home would be an appropriate accommodation of the claimant's need for chiropractic care.

In the alternative, the Service Center proposed "that the amount to be reimbursed be reduced consistent with the distance the claimant would travel to treat with a provider reasonably near to his residence in Chesterfield."

The deputy commissioner rejected the Service Center's arguments and found that Edelblute's visits to Dr. Bryant were "reasonable, necessary and causally related to the claimant's compensable on the job accident" despite the distance Edelblute had to travel to see Dr. Bryant. Noting that this finding was "fact specific to this case," the deputy commissioner explained that Edelblute had endured hardship trying "innumerable types of treatment" without success until finding an effective pain management treatment with Dr. Bryant. The deputy commissioner highlighted testimony from Edelblute's treating physician who "credibly testified the best plan after 44 years of treatment, that has left the claimant in chronic pain, is his ongoing pain management along with treatment from Dr. Bryant which has benefited the claimant and the defendants by keeping the claimant functional." Deputy Commissioner Wise awarded Edelblute payment for mileage reimbursement "for the claimant's dates of visits to Dr. Eric Bryant from January 4, 2016 through February 17, 2020."

The Service Center appealed this decision to the full Commission, which affirmed the deputy commissioner's decision, finding that the "defendants are responsible for reimbursing the claimant for his treatment with Dr. Bryant as well as mileage incurred while travelling to appointments." The full Commission explained that "[d]istance alone . . . is not the only factor considered when determining if the distance a claimant is required to travel for treatment is reasonable" and that reasonableness was "decided by the Commission on a case-by-case basis." The full Commission added that the Service Center had already accepted authorization of

- 3 -

Dr. Bryant as a treating physician after Edelblute had moved and that "circumstances have not changed." The Service Center did not appeal the ruling to this Court. Despite this order, the Service Center did not pay Edelblute until he moved to compel the Service Center's compliance with payments under the full Commission's opinion.

A few months later, in October 2022, Edelblute filed another claim for benefits requesting mileage reimbursement for treatment he had received from Dr. Bryant during the period from April 14, 2022 through August 3, 2022. Again, the Service Center opposed his claim, arguing that Edelblute had the duty "to make reasonable efforts to mitigate" his travel expenses. In addition, the Service Center sent Edelblute a letter presenting a panel of chiropractic providers in the Richmond area and proposing that he select one to continue his treatment locally. The Service Center refused to reimburse Edelblute for more mileage than he would incur if he had chosen one of the new providers from that panel. Edelblute did not respond to the letter.

Before the deputy commissioner, Edelblute argued that res judicata barred reconsideration of the mileage question and also requested attorney fees. The Service Center responded that "[t]he Commission's previous ruling that Dr. Bryant's mileage was reasonable simply does not decide the reasonableness of all mileage for all time to and from Dr. Bryant's office, regardless of intervening facts."

The same deputy commissioner again agreed with Edelblute. After reviewing the lengthy factual and procedural history, he found that res judicata does bar "re-litigating the issue of the reasonableness and necessity of Dr. Bryant's treatment and accompanying mileage reimbursement." And because the Service Center delayed paying Edelblute after the full Commission's final order and proceeded without reasonable grounds in refusing to pay the new

- 4 -

claim, the deputy commissioner found that payment of Edelblute's attorney fees was proper under Code § 65.2-713. The full Commission affirmed the deputy commissioner's decision.

The Service Center appeals.

ANALYSIS

The Service Center assigns error to the Commission's conclusion that res judicata barred its defense to the mileage reimbursement claim and also challenges the Commission's award of attorney fees.

When we review decisions from the Commission, we are bound by the Commission's factual findings as long as "'there was credible evidence presented such that a reasonable mind *could* conclude that the fact in issue was proved,' even if there is evidence in the record that would support a contrary finding." *Artis v. Ottenberg's Bakers, Inc.*, 45 Va. App. 72, 84 (2015) (citations omitted) (quoting *Westmoreland Coal Co. v. Campbell*, 7 Va. App. 217, 222 (1988)). "Consequently, on appeal, 'we do not retry the facts before the Commission nor do we review the weight, preponderance of the evidence, or the credibility of witnesses.'" *Jeffreys v. Uninsured Emp.'s Fund*, 297 Va. 82, 87 (2019) (quoting *Caskey v. Dan River Mills, Inc.*, 225 Va. 405, 411 (1983)). In contrast, "the [C]ommission's legal determinations are not binding on appeal and will be reviewed *de novo*." *Roske v. Culbertson Co.*, 62 Va. App. 512, 517 (2013) (quoting *Wainwright v. Newport News Shipbuilding & Dry Dock Co.*, 50 Va. App. 421, 430 (2002)). "The application of res judicata is a question of law we review de novo." *Cnty. of Henrico v. O'Neil*, 75 Va. App. 312, 321 (2022). An award of attorney fees is "left to the sound discretion of the Commission. [This Court] will not disturb the administrative assessment of costs or attorney's fees unless there is an abuse of discretion." *Lynchburg Foundry Co. v. Goad*, 15 Va. App. 710, 715 (1993) (quoting *Jensen Press v. Ale*, 1 Va. App. 153, 159 (1985)).

I. The Commission correctly held that the Service Center's defense to the mileage reimbursement was barred by res judicata.

The parties agree that an "employer is responsible for the reasonable and necessary transportation in connection with [a] claimant's medical treatment." *Medical Mgmt. Int'l & Travelers Indem. Co. of Am. v. Jeffry*, 75 Va. App. 679, 685 (2022) (alteration in original) (quoting *Mabe v. Great Barrier Insulation Co.*, 70 O.I.C. 288, 288 (1991)). Here, the Service Center argues that the amount of mileage Edelblute incurred by continuing to receive services from his approved physician, Dr. Bryant, is unreasonable. The Commission agreed with Edelblute that this issue was already resolved by its 2022 ruling and that the Service Center is barred by res judicata from raising it again in an effort to avoid paying for mileage in 2022.

Res judicata "precludes the re-litigation of a claim or issue once a final determination on the merits has been reached." *Tyco Elecs. & Ins. Co. of Pa. v. Vanpelt*, 62 Va. App. 160, 171 (2013) (quoting *Rusty's Welding Serv., Inc. v. Gibson*, 29 Va. App. 119, 128 (1999) (en banc)). It is a doctrine "resting upon public policy considerations which favor certainty in the establishment of legal relations, demand an end to litigation, and seek to prevent harassment of parties." *O'Neil*, 75 Va. App. at 321-22 (quoting *Advance Auto & Indem. Ins. Co. v. Craft*, 63 Va. App. 502, 514-15 (2014)). It "proceeds upon the principle that one person shall not the second time litigate, with the same person . . . precisely the same question, particular controversy, or issue, which has been necessarily tried and finally determined, upon the merits, by a court of competent jurisdiction . . . ." *Wood v. Allison Apparel Marketing, Inc.*, 11 Va. App. 352, 355 (1990) (quoting *Ward v. Charlton*, 177 Va. 101, 115 (1941)).

This doctrine applies to decisions of the Commission, just as it does to prior judicial determinations. *O'Neil*, 75 Va. App. at 322. As with decisions from the judiciary, "the decisions of the Commission or its deputy commissioners from which no party seeks timely review are binding upon the Commission." *K & L Trucking Co. v. Thurber*, 1 Va. App. 213, 219 (1985).

To prove a res judicata defense, a party "must establish: (1) identity of the remedies sought; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the persons for or against whom the claim is made." *Gottlieb v. Gottlieb*, 19 Va. App. 77, 81 (1994) (quoting *Commonwealth ex rel. Gray v. Johnson*, 7 Va. App. 614, 618 (1989)). Res judicata does not apply when, after the judgment, new facts arise that may alter the rights of litigants. *Mowry v. Virginia Beach*, 198 Va. 205, 211-12 (1956).

The Service Center argues that their objection to reimbursing Edelbute for his mileage costs after April 14, 2022 "hinge[s] entirely upon different facts"—specifically that "the defendants have offered equivalent treatment more proximate to the claimant's residence." This singular fact, the Service Center claims, should obviate Edelblute's res judicata defense because the cause of action (here, their defense) is not the same.[1]

Edelblute defends the application of res judicata on the ground that no material facts have changed. In particular, he highlights four key facts that have remained the same: (1) he resided at the Chesterfield address at all relevant times, "including at the time of the final decision of January 25, 2022"; (2) "Dr. Bryant remains the authorized treating physician"; (3) "Dr. Bryant's address or place of service has not changed"; and (4) "the mileage between Claimant's address and Dr. Bryant's address has not changed." Edelblute argues that the alleged new fact—"the unilateral offering of a panel of chiropractors in a different location"—is not significant because an employer has no legal basis from which it can force a claimant to change providers simply by

---

[1] At oral argument, the Service Center also proposed another difference—that if Edelblute did not want to change providers, it would not refuse the entire claim for mileage but simply reduce it to only reimburse the amount he would incur had he selected one of their newly proposed physicians. This offer is not a change in facts, and it is also not new. The Service Center made the same argument in 2021, arguing that "[i]n the alternative, the defendants propose that the amount to be reimbursed be reduced consistent with the distance the claimant would travel to treat with a provider reasonably near to his residence in Chesterfield."

proposing a new panel, and, in any event, because the Service Center already suggested that a new panel could be provided in the prior round before the Commission.

We agree with the Commission that Edelblute successfully established that the Service Center's defense for why it should not have to reimburse Edelblute for his mileage to be treated by Dr. Bryant is barred by res judicata. After the Service Center refused to reimburse Edelblute for mileage costs incurred between 2013 and 2020 from his treatment by Dr. Bryant, the Commission fully considered whether the mileage costs were reasonable under the specific facts presented. The Commission found that the distance Edelblute had to travel to be treated by Dr. Bryant was reasonable given the Service Center's prior approval of Dr. Bryant as a treating physician, the complicated nature of Edelblute's injury, and the lack of success Edelblute had experienced with other treatment over time.

The Service Center's unilateral letter-proposal asking Edelblute to choose a new provider from a panel of local physicians changes nothing.[2] The Service Center had already repeatedly argued during the 2021 proceedings that "[g]iven the amount of alternative chiropractic providers in the greater Richmond area, much closer in distance to the claimant's home, it is patently unreasonable that the defendants should be held responsible for the claimant's transportation expenses." Not only did they make this argument in the abstract, the Service Center also "propose[d] that a panel of chiropractic providers, located within a reasonable distance of the claimant's residence, would be appropriate." The Commission squarely rejected this argument in its 2022 ruling.

_____

[2] Under Commission precedent, we note that the *Commission* can authorize a change in physician if an employer makes a request to change an employee's treating physician to the Commission. *See, e.g.*, *Powers v. J.B. Constr. Co.*, 68 O.I.C. 208 (1989). The Commission has relied on this precedent in many subsequent cases as setting the framework for how requests to change a physician by either an employer, or claimant, should proceed. The Service Center has not cited any authority for an employer's ability to unilaterally require an employee to change physicians or receive less of a reimbursement.

Given that the Service Center failed to present any new material facts or circumstances following that 2022 ruling, res judicata bars their renewed argument that it is unreasonable to reimburse Edelblute for mileage to his approved provider.[3]

II.  The Commission did not err in awarding attorney fees.

The Commission awarded attorney fees assessed against the Service Center under Code § 65.2-713.  This statute grants the Commission the authority to assess attorney fees against a defendant when a proceeding has been defended without reasonable grounds:

> A. If the Commission or any court before whom any proceedings are brought or defended by the employer or insurer under this title shall determine that such proceedings have been brought, prosecuted, or defended without reasonable grounds, it may assess against the employer or insurer who has so brought, prosecuted, or defended them the whole cost of the proceedings, including a reasonable attorney's fee, to be fixed by the Commission.

Code § 65.2-713(A).  The statute also permits attorney fees where payment has been unreasonably delayed:

> B. Where the Commission finds that an employer or insurer has delayed payment without reasonable grounds, it may assess against the employer or insurer the whole cost of the proceedings, including a reasonable attorney's fee to be fixed by the Commission.  In such a case where an attorney's fee is awarded against the employer or insurer, the Commission shall calculate and add to any award made to the claimant interest at the judgment rate, as set forth in § 6.2-302, on the benefits accrued from the date the Commission determined the award should have been paid through the date of the award.

Code § 65.2-713(B).

---

[3] To the extent the Service Center argues that every new request for mileage reimbursement is materially different because treatment was provided on a different date— perpetually shielding their defense from res judicata—we find that this conclusion would be entirely contrary to the purposes of res judicata, and we reject it.  *See O'Neil*, 75 Va. App. at 321-22 (stating that res judicata is a doctrine used to "prevent harassment of parties" and "end . . . litigation").

The Commission assessed attorney fees after concluding that the Service Center had no reasonable grounds to avoid paying for Edelblute's mileage, given that the Commission had addressed the issue in its 2022 opinion and order. Because the Service Center's refusal to reimburse Edelblute, without cause, led to additional delay, the Commission found that attorney fees were justified under both sections of Code § 65.2-713.

The statute means what it says. *See Va. Polytechnic Inst. v. Posada*, 47 Va. App. 150, 159 (2005) (citing Code § 65.2-713) (attorney fees may be assessed if the employer "has brought or defended proceedings or, alternatively, delayed payment under an existing award without reasonable grounds"). There was no basis in law for the Service Center to refuse reimbursement for Edelblute's mileage right after the Commission's 2022 opinion held that the mileage was reasonable. Of course, an attorney can argue a good faith challenge to the law to modify or reverse existing law. Code § 8.01-271.1(B). But nowhere in the Service Center's brief did it argue that existing law should be overturned. Because the Service Center provided "neither compelling case law nor relevant evidence that supports its . . . claim," attorney fees are proper to be assessed against it. *Philip Morris USA, Inc. v. Mease*, 62 Va. App. 190, 205 (2013). Thus, the Commission did not abuse its discretion in reaching this conclusion.

Finally, this Court may award attorney fees incurred on appeal "based on its consideration of factors including whether the requesting party prevailed, whether the appeal was frivolous, whether either party generated unnecessary expense or delay . . . as well as 'all the equities of this case.'" *Friedman v. Smith*, 68 Va. App. 529, 546 (2018) (quoting Rule 5A:30(b)(3)-(4)). We award attorney fees here because the Service Center's arguments lacked merit. *See Mease*, 62 Va. App. at 205 (awarding attorney fees against the employer because it had not "defended claimant's claim on reasonable grounds"). "Put simply, no 'reasonable construction of the record or the governing legal principles' could support them." *Yazdani v.*

*Sazegar*, 76 Va. App. 261, 278 (2022) (quoting *Brandau v. Brandau*, 52 Va. App. 632, 642 (2008)).

CONCLUSION

For these reasons, we affirm the Commission, and remand to the Commission solely for determination and award of the appropriate amount of appellate attorney fees.

*Affirmed and remanded.*